JOHN HUGHES ET AL., Appellants, v. CATHERINE ANSLYN ET UX., Respondents.

### June 17, 1879.

1. To charge a mechanic's lien upon property, it must appear that the owner directly or indirectly contracted for the work; and where the wife is the owner, the mere fact that she knew of the improvement and subsequently signed a note with her husband for the work, is not proof of a contract on her part.

2. In such a case, the question to be tried in an action to charge her property with a lien is not whether the contract was made with the wife's knowledge, but whether it was made with her consent and in her behalf.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

J. H. BLAIR, for appellants, cited: *Fink* v. *Harrigan*, 51 Mo. 280; *Latshawe* v. *McNees*, 50 Mo. 381; *McMurray* v. *Taylor*, 30 Mo. 263; *Ashdown* v. *Woods*, 31 Mo. 465; *Collins* v. *Megraw*, 47 Mo. 495; *Tucker* v. *Gast*, 46 Mo. 339.

WILLIAM F. SMITH, for respondent, cited: *Garnett* v. *Berry*, 3 Mo. App. 197; *Lauer* v. *Bandow*, 43 Wis. 556; *Johnson* v. *Tutweiler*, 35 Ind. 353.

BAKEWELL, J., delivered the opinion of the court.

This is an action to enforce a mechanic's lien against a building and lot owned by a married woman. The action was originally before a justice of the peace. On trial anew in the Circuit Court, the cause was submitted on the pleadings and on an agreed statement of facts, and judgment was for defendants.

Catherine Anslyn, the owner of the land on which the house was erected, is the wife of her co-defendant, William Anslyn. "The husband hired the work done, and the wife knew the work was begun, of its progress, and when it was completed. After it was done, she, with her husband, made and signed a note therefor, and delivered it to plaintiff. She knew the note was given for this work."

The agreed statement is also that plaintiff sued on the note, and took judgment against the husband alone. No execution issued, because plaintiff discovered that the husband was insolvent. Plaintiff then filed a lien against the building. On the trial of the lien suit before the justice, plaintiff offered to allow judgment against the husband on the note to be set aside, and that case to be dismissed at plaintiff's costs, which the justice refused. Defendants pleaded the judgment on the note as a bar to recovery in this action.

On this statement of facts, it does not appear that the Circuit Court erred in finding in favor of the defendants and against the mechanic's lien. To charge a mechanic's

lien upon property, it must appear that the owner directly or indirectly contracted for the work. It is not said that the husband made the building-contract here as agent for his wife. The engagement and the indebtedness appear to have been his own. If the contract was made for her use, though made in his name, a lien might be established against her interest in the land. The issue of fact in such a case is not whether the contract was made with her knowledge, or even with her approbation, but whether it was made by her authority in her behalf. We said in *Barker* v. *Berry*, 4 Mo. App. 584, that where the contract is made with the husband, the fact that the wife knows of the erection of the house on lien property, and gives directions concerning it, tends to show a participation in the contract by her such as may give a right to file a lien against her interest in the property. But the mere fact that she knows that the work is going on, and after its completion joins her husband in a note for it, does not prove that she was in any way a party to the contract. We cannot say, therefore, that the trial court committed error in refusing to find, from this statement of facts, that the wife contracted for the work through the husband as her agent; and unless this fact was found, there could be no finding for the lien.

There could be no judgment against the husband, since a recovery had already been had against him on the note. The attempt to enforce the lien failing, judgment was therefore properly rendered for defendants.

This was not a proceeding in equity to enforce a charge against a married woman's separate estate. The question as to how far the wife bound her separate estate by giving the note did not arise. The question, as to her, was whether she was a party to the particular contract for building for which the lien was sought.

The taking of the note of the debtor is not *ipso facto* a waiver of the mechanic's lien. How far an action on the note by the mechanic to whom it was delivered in consider-

ation of the work, and a merger of the note in a personal judgment against the maker, might be so considered, it is not necessary to inquire for the purpose of this case.

The judgment is affirmed. All the judges concur.