WILLIAM J. TUCKER, Defendant in Error, *v.* MARY E. GEST AND JOSHUA H. GEST, Plaintiffs in Error.

1. *Married women may subject their ordinary estate to mechanics' lien.*—Under section 21 of the mechanics' lien act (Wagn. Stat. 911, § 21) a married woman may so far bind her ordinary estate by contract as to subject it to a mechanic's lien.

*Error to First District Court.*

*Crandall & Sinnet*, for defendant in error.

I. In order to give a lien, the contract must be such as can be enforced at common law (Houck on Mech. Liens, 233 ; Kirby v. Tead and Wife, 13 Metc. 149) ; and if either party be incapacitated, the contract or agreement is futile and unavailing. (Houck on Mech. Liens, 233 ; 2 Blackst. Com. 114 ; Chit. on Cont. 4, 5, 29.) And it is a well-established rule of law that a wife can not bind herself by an executory contract. (Reeves' Dom. Rel. 182 ; 2 Kent's Com. 150 ; 7 Conn. 224 ; 3 Mo. 254 ; 40 Mo. 261 ; 6 Wend. 11 ; 4 N. Y. 9 ; 12 B. Monr. 665.)

II. The land sought to be held is not the sole and separate property of the wife (4 N. Y. 9 ; 28 Mo. 551 ; 40 Mo. 61), and can not be conveyed or encumbered by the wife except by deed executed jointly with her husband. (Gen. Stat. 1865, p. 444, § 2.)

III. Section 21, chapter 195, Gen. Stat. 1865, does not change the common law or grant liens in such cases as this. (18 N. Y. 265 ; 1 Hilton, 476 ; 21 Barb. 546, 551 ; 11 How. Pr. 333 ; 16 How. Pr. 96, 158 ; 4 Duer, 96.) By section 21 the Legislature intended to place married women upon the same footing as any other persons having building or improvements made upon their property. The section includes equitable owners, married women, and infants. (Hauptman v. Catlin, 20 N. Y. 247 ; Greenough v. Wigginton and Wife, 2 Greene, Iowa, 435.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff painted and glazed a dwelling-house belonging to defendant, Mary E. Gest, a married woman, perfected his mechanic's lien upon the property and filed his petition in the Court of Common Pleas of Pettis county to enforce the same. The petition showing all the facts was demurred to by said Mary E. because, in setting up the contract and the plaintiff's work under it, it did not show that it pertained to her sole and separate property — she claiming that she could make no contract so as to

create a lien upon her property unless held for her sole and separate use. The court gave her judgment upon the demurrer, which was reversed in the District Court.

The whole subject of mechanics' liens is purely statutory, and we have only to consult the statute to find their extent. Section 1 of the act (Wagn. Stat. 907) provides for liens upon property for work, etc., "under or by virtue of any contract with the owner and proprietor thereof," etc. Section 21 defines who are owners, and is as follows: "Every person, including all *cestui que trusts*, for whose immediate use, enjoyment, and benefit any building, erection, or improvement shall be made, shall be included by the words 'owner or proprietor' thereof, under this chapter, not excepting such as may be minors over the age of eighteen years, or married women."

The language of the act quoted seems too plain to admit of construction. It is not disputed that Mrs. Gest is the owner of the building, and that the work was done by contract with her. Nor is it disputed that the improvement was made for her immediate use, enjoyment, and benefit. But, for fear it might be claimed that the lien can not extend to work done under contract with persons incapable of contracting, the statute expressly provides that the words "owner," etc., with whom contracts are made, shall include minors over eighteen years and married women. Their disability to contract is *pro tanto* expressly removed, and while the mechanic might not be able to obtain a general judgment against her, he shall be entitled to a lien upon the property improved by his labor, in the same manner as though it belonged to the husband and the contract were made with him.

We are asked to say that this liability can only apply to the wife's separate estate. But the statute does not so limit it, and if there were any doubt in its construction, that doubt should be solved in favor of the lien. To hold as requested, would open a very wide door for dishonesty and fraud, and enable men, as well as women, to improve property at the expense of others, and live in luxury upon or from the proceeds of the estate of the wife, rendered valuable by the labor and property of their neighbors.

Without the provision of section 21 before quoted, there is no

·doubt that a lien would lie upon the separate property of the wife,.. for she is able to make contracts in relation to it; and it is so held in Hauptman v. Catlin, 20 N. Y. 247. This statute was doubtless necessary to enable a married woman or her agent to so far bind her ordinary estate by contract as to subject it to a mechanic's lien.

The other judges concurring, the judgment of the District Court is affirmed and the cause remanded.