THE KANSAS CITY PLANING MILL COMPANY, Respondent, v. AMELIA BRUNDAGE AND HUSBAND, Appellants.

**Kansas City Court of Appeals, March 28, 1887.**

1. MECHANIC'S LIEN—FOUNDATION OF MECHANIC'S RIGHT—OWNER AND AGENT.—The foundation of the mechanic's right to a lien (as provided for by the statute), is the existence of a contract for the work and materials with the *owner* of the property to be improved. Unless the owner, by himself, or his authorized agent, has contracted for the material and work, no lien can attach to his, or her, property. The sub-contractor can occupy no better situation, in this respect, than the original contractors.

2. ——— IMPLIED PROMISE — RULE CONCERNING.—Where there is an express promise the law does not raise an implied one in reference to the same matter.

3. ——— RATIFICATION — LIMITS OF.—A ratification can only be effectual between the parties, when the act is done by the agent avowedly for, or on account of, the *principal;* and not when it is done for, or on account of, the agent himself, or of some third person

4. PRINCIPAL AND AGENT—HOW APPLIED AS BETWEEN HUSBAND AND WIFE.—As applicable to the relation of husband and wife, no agency can be *implied;* for the rule is. that to establish an agency for the wife on the part of the husband, the evidence must be strong and cogent, and more satisfactory than would be required between persons occupying different relations.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

SCAMMON & STUBENRAUCH, for the appellants.

I.   The court erred in refusing to give the instruction in the nature of a demurrer to the evidence. It was needful in order to establish a lien against the property

of the Brundages that a contractual relation should be shown to exist between Mrs. Brundage, the owner, and Moore Brothers, the contractors. *Horton v. Railroad*, 84 Mo. 602; *Henry v. Rice*, 18 Mo. App. 497; *Garnett v. Berry*, 3 Mo. App. 105. And any sub-contractor or material man, as in this case, is presumed to have notice of the terms of such contract. The law charges him with a knowledge of the basis upon which the contractor is related to the work to be constructed. *Stewart v. Wright*, 52 Iowa, 335; *Garnett v. Berry, supra;* *Scott v. Cook*, 8 Mo. App. 193; *Bowen v. Aubrey*, 22 Col. 566. The evidence, under the authorities cited, showed conclusively, that there was neither a contract, nor evidence *tending* to prove a contract, with Mrs. Brundage. Therefore, the demurrer to the evidence should have been sustained.

II. The finding of the court was against the instructions given by the court, and against the evidence. In instruction number five the court declared the law to be, that before there could be a finding that the contract for building offered in evidence was for the use of Mrs. Brundage and in her behalf, it must appear that the contract was made by her authority, or by some one professing to act in her behalf. Now, the record shows there was simply no evidence that W. H. Brundage professed to make the contract by her authority, or in her behalf, or that she even authorized it. The only evidence on the point is that in denial of the hypothesis upon which the instruction was based. Hence the finding of the court in this regard was not only against the instruction, but against the evidence also. That judgment went against Moore Brothers, the contractors, we do not complain, but as to the defendants, Brundage and wife,' we submit the finding of the court below and its judgment should be reversed.

E. P. McDonald, for the respondent.

I. A husband's agency may be implied by the con-

duct of his wife, unless otherwise provided by positive enactment. Phillips on Mechanic's Liens (2 Ed.) sect. 104; *Barker v. Berry*, 8 Mo. App. 450.

II. A contractual relation between Mrs. Brundage, the owner, and Moore Brothers, contractors, sufficiently appears. *Burgwald v. Weippert*, 49 Mo. 60; *Collins v. McGraw*, 47 Mo. 495; *Tucker v. Gest*, 46 Mo. 339; *McCormick v. Lawton*, 3 Neb. 449; *Schwartz v. Saunders*, 46 Ill. 18; *Greenleaf v. Beebe*, 80 Ill. 522; *Littlejohn v. Millirons*, 7 Ind. 125; *Johnson v. Tutewiler*, 35 Ind. 353; *Forrester v. Preston*, 2 Pitts. 298; *Ex parte Schmidt*, 52 Ala. 256; *Warren v. Smith*, 44 Tex. 247; *Schmidt v. Wright*, 6 Mo. App. 601; *Barker v. Berry*, 4 Mo. App. 585.

III. The court did not err in refusing to give the instruction in the nature of a demurrer to the evidence. *Smith v. Wright*, 6 Mo. App. 601; *Barker v. Berry*, 4 Mo. App. 585; *Leisse v. Schwartz*, 6 Mo. App. 415; *Collins v. McGraw*, 47 Mo. 495.

IV. The finding of the court was *not* against the instructions given by the court and against the evidence. The judgment was for the right party and this court will not reverse.

PHILIPS, P. J.—This is an action to enforce a mechanic's lien, for materials furnished by plaintiff in the construction of a building on a lot owned by defendant, Amelia Brundage. The contract for the building was made between W. H. Brundage, the husband of said Amelia, in his own name, as owner of the property, and Moore Brothers as contractors.

The contract was reduced to writing. The cost of the building was to be $6,560, to be paid by W. H. Brundage. The plaintiff furnished lumber for said building; and it filed a mechanic's lien on the lot to secure a balance of account amounting to $356.70. The contract price for the building was paid by W. H. Brundage.

The plaintiff obtained judgment, enforcing the lien

against the property of Mrs. Brundage, and to reverse this judgment she prosecutes this appeal.

I.   The very foundation of the mechanic's right to such lien is the existence of a contract for the work and materials with the owner of the property to be improved. Unless the owner, by himself or his authorized agent, has contracted for the material and work no lien can attach to his or her property. Rev. Stat., sect. 3172; *Henry v. Rice*, 18 Mo. App. 510; *Barker v. Berry*, 8 Mo. App. 446. The sub-contractor can occupy no better situation, in this respect, than the original contractor. *Henry v. Rice, supra.*

Mrs. Brundage being admitted the owner of the land on which the building was erected, it devolved upon the plaintiff to show a contract made with her, or her agent for her, for the work and materials. The only contract put in evidence was between W. H. Brundage as the owner, and Moore Brothers, as contractors. It was reduced to writing. Mrs. Brundage was not a party to it. It does not purport on its face to be made in her behalf, or for her use and benefit, nor by W. H. Brundage as her agent. It was his personal undertaking, and shows that the contractors looked to him for pay. It is the accepted rule of law that an action to enforce a lien can only be brought against the debtor. *Lauer v. Bandow*, 43 Wis. 559. The only way, therefore, in which the plaintiff could hold Mrs. Brundage's property bound for this undertaking of her husband, was to show, by satisfactory proof, that in executing the contract he was acting, in fact, as her agent, and not for himself.

II.   It is mere meaningless rhetoric to talk about an implied obligation upon Mrs. Brundage to pay for the improvement on her property, because it was her home. It is a matter of surprise that even learned judges sometimes speak of an implied contract in a case like this. The law never implies a promise where there is

an express promise. *Whiting v. Sullivan,* 7 Mass. 173 ; *Suits v. Taylor,* 20 Mo. App. 166. "Promises in law exist only in the absence of express promises." 1 Chitty Cont. 89. "Where there is an express promise, the law does not raise an implied one in reference to the same matter; for *expressum facit cessare tacitum.*" 2 Steph. Com. 112.

The separate opinion of Chief Justice Ryan, in *Lauer v. Bandow (supra),* with characteristic force and perspicuity, demonstrates the legal absurdity of applying the rules affecting implied contracts to a case like this, where there is an express written contract. While recognizing the general doctrine that, where an agent makes a contract in his own name his principal may be held upon parol proof that the contract was in fact for the principal, he says : "I think it would be dangerous to apply this rule to the husband's contract in his own name, to charge the separate estate of the wife, as his principal. Be this as it may, the rule is limited by the relation of principal and agent. In other cases, the rule excludes implied contracts where express contracts appear. There appear to be cases in which the law implies contracts not really presumed to have been made. These go upon existing legal obligations, etc. But generally the law does not make contracts for parties, but only enforces contracts which they make for themselves. * * * If it appear that the service was rendered, or the goods delivered, upon the express promise of another to pay for them, the law will not generally imply such a promise by him who receives them. * * * One may well build upon the land of another, to discharge a debt, or voluntarily, by way of gift, or for some advantage of his own, or by mistake of title. But in either case, when this is done by express contract, to which the owner of the land is not a party, neither he nor his land will be charged by the contract, though he derive benefit from it. *Davis v. School District,* 24 Me. 349 ; *Wells v. Banister,* 4 Mass. 514, One may well

gain by the contract of another, to which he is not a party; but the law will not imply his promise to pay for this gain which comes incidentally to him."

III. Equally violative of a well established rule of law is it to speak, as some judges have, of ratifying such a contract as this. They speak of certain acts and declarations of the wife evidencing an "adoption," or "ratification," of the contract made by the husband. A ratification is an agreement to adopt an act performed by another for us. Bouv. Dic. It applies only "where a person acting as agent for another professes, though without authority, to contract for him." Chitty Cont. 23–24.

So Story on Agency, 251a, says: "One other consideration is important to be borne in mind. It is that a ratification can only be effectual between the parties, when the act is done by the agent avowedly for, or on account of, the principal, and not when it is done for, or on account of, the agent himself, or of some third person. This would seem to be an obvious deduction from the very nature of a ratification, which pre-supposes the act to be done for another, but without competent authority from him; and, therefore, gives the same effect to the act as if it had been done by the authority of the party for whom it purported to have been done, and as his own act."

Hence followed the ruling of Holroys, J., in *Saunderson v. Griffith* (5 B. & C. 909–915): In an action by A and his wife, and B, the declaration averred that the plaintiffs had agreed to let to the defendant certain lands, alleging a promise to *them* to pay, etc. The agreement offered in evidence·purported to be made by an agent for A's wife and B, but not for A. The fact that A subsequently received rent from the tenant was relied upon as a ratification, and entitling him to sue thereon. But it was held that proof of a subsequent ratification by A of an agreement to which he was not originally a party, was not sufficient. The court said:

"there might have been some weight in the argument, if the agent, at the time when he made the agreement, *had professed to act for A.*"

IV. There being, as already stated, an express contract in this case, no implied contract can arise ; and the contract having been made by the husband in his own name, and not as agent, and one which he undertook to perform in his own right, there can be no ratification invoked in this case. The single question, therefore, presented for determination is, was there sufficient evidence, to support the verdict, to show that the husband made the contract in question as the agent of his wife. Any evidence not tending to such proof is wholly irrelevant.

I can find no evidence, in this record, of any antecedent authorization from Mrs. Brundage, to her husband, to execute the written contract. There is no pretext that the work was done and material furnished under any other than the written contract between the husband and Moore Brothers. It does not even appear that the contractors or the plaintiff knew that Mrs. Brundage owned the land, or that either of them ever looked to her for payment prior to filing this lien. What proof, then, does the law exact to establish such agency of the husband for the wife? While the statute concerning mechanic's liens empowers a married woman to appoint an agent in such transactions, while it may be conceded that she can appoint her husband, yet the rules of law, as to the methods of proof or quality of the evidence necessary to establish such fact, remain as before the enactment of the statute. This rule is succinctly and pertinently put in the case of *Eystra v. Capelle* (61 Mo. 580), by Wagner, J : "No agency can be implied, for the rule is, that to establish an agency for the wife on the part of the husband, the evidence must be strong and cogent, and more satisfactory than would be required between persons occupying different relations," citing

2 Bish. Mar. Wom. 396 ; *Rowell v. Klein*, 44 Ind. 291 ; *McClain v. Hall*, 26 Iowa, 297.

The plaintiff took, and read in evidence, the deposition of Mrs. Brundage.   She testified that she knew her husband was going to build a dwelling house on this lot for a home, and that she approved of the character of house he proposed to build ; that he never asked for her consent ; she never saw the contract he made until her deposition was taken in this case, and did not know the contract price ; she visited the house while in process of erection, and had the workmen to make some changes in the hanging of some doors, and as to some closets, not adding, however, to the cost of the building ; she is occupying the building with her husband as a home.

Her knowledge that her husband was going to build a house on her lot, and that she knew the work was being done and approved of it, was not sufficient to prove an antecedent agency.   *Jones v. Walker*, 63 N. Y. 612.   Nor is the fact that she approved the plans and knew she was to live in it with her husband and family, sufficient.   It is the duty of the husband to provide the wife a home, as his residence, in law, draws to it that of the wife.   No obligation, legal or equitable (if this case were to be viewed upon moral grounds), could arise to bind her on a contract made by the husband to build a house for his family home.   *Garnett v. Berry*, 3 Mo. App. 202 ; *Spinning v. Blackburn*, 13 Ohio St. 131.

The fact, therefore, that she visited and took an interest in a house which her husband was having built for their home, and that she gave directions about the arrangements of closets and the like, can have no proper tendency to show an antecedent appointment by her of her husband as her agent.   In *Lauer v. Bandow (supra)*, it was held that the fact that the building was erected on the wife's land, with her full knowledge and approbation, and that it progressed under her daily view and inspection, was not sufficient to establish a lien on her

property where the contract was made, as here, by the husband, and in his own name. The court said that such acts are but what the wife would ordinarily have done had the property belonged to the husband.

The facts in this case are, so far as any valuable principle is concerned, quite like those in *Garnett v. Berry* (*supra*), in which it was held that they were not sufficient to bind her property for the lien; and this, notwithstanding the learned judge, inadvertently, no doubt, suffered himself to embarrass his conclusion by a consideration of the question of a ratification, which, as we have attempted to show, does not apply to such a case. In the latter case of *Barker v. Berry* (8 Mo. App. *supra*), that court repudiates the idea of a ratification or adoption applying to such a contract; and virtually overruled what is held in that regard, when that case was theretofore before the court.

Counsel for respondent have furnished us with an opinion by the St. Louis court of appeals in *Schmidt v. Wright* (6 Mo. App. 601). That opinion was not deemed of sufficient importance to publish, further than by its syllabus. It was anterior in time to the case in the 8th Mo. App. The *Schmidt case* depends much upon its own peculiar facts, as Schmidt was the trustee of his wife, and she joined him in a deed of mortgage on her separate property to raise the money with which to build the house, and she, in fact, was the real party who was erecting it. On that ground the case may well stand. But we do not deem it wise or politic, even in carrying out the true spirit of the lien law, to establish a precedent by which improvident husbands may contract away their wives' real estate by indirection and implication. The law, for her just protection, disables her husband from conveying away her real property, unless she join in the deed, duly acknowledged. And where it is attempted, as in this case, to create a burden on her estate, whereby she may, *nolens, volens,* lose it, by reason of a mere contract made by the husband, in which

she did not join, and was never asked to join, the evidence that she authorized him, as her agent, to make it, should be so clear, cogent and persuasive, as to leave no reasonable doubt of the fact in the mind of the court or jury. There is no such proof in this case; and the demurrer to the evidence interposed by defendant should have been sustained.

The judgment of the circuit court is, therefore, reversed, and the cause remanded with directions to dismiss the action as to the defendants, Amelia and W. H. Brundage, and enter judgment against Moore Brothers for the amount of plaintiff's claim. All concur.