THE CARTHAGE MARBLE AND WHITE-LIME COMPANY, Appellant, v. MIRIAM BAUMAN *et al.*, Respondents.

St. Louis Court of Appeals, April 7, 1891.

1. Mechanics' Liens: MARRIED WOMEN. A married woman may contract for the construction of improvements on her ordinary estate, so as to subject it to a mechanics' lien, and may do so through an agent.

2. ———: HUSBAND AND WIFE : SUFFICIENCY OF THE PROOF OF THE HUSBAND'S AGENCY. When a husband appears to be the actor in the erection of an improvement upon his wife's real estate, the mere fact, that she knew of and assented to the erection thereof, has no tendency, of itself, to prove that the husband acted as her agent in making the contract; it is only when such evidence is supplemented by further proof to the effect, that the wife actually participated in the making of the improvements, that is, by giving directions as to the mode and manner of doing the work, that the question of the husband's agency for the wife may be submitted to the jury. And *held* that the evidence in the case at bar was sufficient under this rule.

3. ———: ———: ———. *Held*, in the course of discussion, that where, in such cases, it appears that the husband has contracted in writing in his own name for such an improvement, and no mention whatever is made of the wife in the contract, a different rule prevails. There the rule is that the evidence to establish the husband's agency, in the face of his express contract, must be so clear, cogent and persuasive, as to leave no reasonable doubt of the agency in the mind of the trier of the facts.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge

REVERSED AND REMANDED.

*Lubke & Muench*, for appellant.

The estate of a married woman in realty may be subjected to a mechanics' lien. If she has personal knowledge of the work, to some extent gives personal directions respecting it, and offers to join in a note for the settlement of the claim (which note is declined), these facts warrant the affirmance of a judgment sustaining the lien. " If a married woman looks on approvingly and sees her estate improved by the money and labor of the industrious, it would be a gross injustice to shield the property thus benefited from the usual and appropriate charges in such cases." *Collins v. Megraw,* 47 Mo. 497. The statute includes legal as well as separate equitable estates of married women. *Tucker v. Gest,* 46 Mo. 339. "Evidence that a married woman knew of and participated in the negotiations for the erection of improvements on her land, and gave directions as to changes in the work during its progress, will warrant a finding that the work was done for her and with her consent and under a contract with her; and, if the other essential facts are proved, will warrant a special judgment against her property in a suit on a mechanics' lien." *Leisse v. Schwartz,* 6 Mo. App. 413. It is not necessary that the wife be an express party to the contract, or that an express agency in the husband be shown. If she has done such acts as indicate her participation as a principal, and that she has accepted the improvement and is enjoying it, that will suffice; the maxim, " *Qui facit per alium facit per se,*" will apply. *Fisher v. Anslyn,* 30 Mo. App. 316.

*M. B. Jonas* and *Rassieur & Schnurmacher*, for respondents.

A husband has no power, as such, by a building contract, to create a liability of his wife's legal estate to a mechanics' lien. Mere knowledge or approbation on her part, or even directions and suggestions as to the work during its progress, do not amount to either an appointment of him as her agent or an adoption or ratification of his contract. Nor will the fact, that the building is to be used as a residence for the wife, raise the presumption of authority on his part. *Garnett v. Berry*, 3 Mo. App. 197 ; *Hughes v. Anslyn*, 7 Mo. App. 400 ; *Barker v. Berry*, 8 Mo. App. 446 ; *Mill Co. v. Brundage*, 25 Mo. App. 268 ; *Meyer v. Broadwell*, 83 Mo. 571. It is even questionable whether a married woman can have an agent as to real estate not held to her separate use. *Wilcox v. Todd*, 64 Mo. 388 ; *Hall v. Callahan*, 66 Mo. 316. The fact of agency cannot be established by the declarations or acts of the alleged agent himself, nor will it be inferred from the mere fact that he assumes to act as agent. *Anderson v. Volmer*, 83 Mo. 403 ; *Kehoe v. Taylor*, 31 Mo. App. 588, 599. The husband's marital right in his wife's legal estate is not such an interest as will support a mechanics' lien. Not even will an inchoate tenancy by the curtesy do so. *Fisher v. Anslyn*, 30 Mo. App. 316.

BIGGS, J.—The circuit court decided that, under the plaintiff's evidence, it was not entitled to a mechanic's lien against the real estate of the defendant, Miriam Bauman. The plaintiff took a nonsuit as to the lien. The propriety of this ruling is the only question presented by the record.

We are justified in the statement, that the plaintiff's evidence tended to establish the following state of facts : That Mrs. Bauman, the wife of her codefendant,

Meyer Bauman, owned the fee of the lot upon which the dwelling was built; that the defendant Bornschein was the original contractor for the stone work on the house; that the plaintiff furnished stone, which was used in the building, under a contract with Bornschein; that the balance sued for on account of the stone was justly due, and that the plaintiff took every step necessary or essential to entitle it to a mechanic's lien.

The only issue of fact, concerning which there could be said to have been a failure of proof, was that presented by the separate answer of Mrs. Bauman to the effect, that she did not contract for this building, nor did she authorize anyone else to do so for her.

The evidence introduced by the plaintiff, bearing on the original contract for the construction of the building, was to the effect that Meyer Bauman, on the order of Bornschein, had paid the sum of $400 on the account of the plaintiff; that Bauman accepted for himself, and also as agent for his wife, notice of a mechanic's lien in favor of another subcontractor, who had sold materials to Bornschein for the same building, and that the demand had been paid without suit. The plaintiff introduced William S. Balsom, who testified that he did carpenter's work on the Bauman residence when it was in process of erection, and that he worked there about twenty or twenty-five weeks. We extract the following from his testimony: "Q. Now during the twenty or twenty-five weeks, while the carpenter work was going on, did you ever see Mrs. Bauman at the house? A. I did.

"Q. How often? A. Of course I would not know that without keeping a memorandum. I think I saw her there several times, though I am not positive of it.

"Q. A couple of times a week? A. Well, I would not say positively, but I think I saw her there two times within a week at any rate.

"Q. What was she doing there? A. Watching the house progress as it was being built.

"*Q.* What did you see her do, and to whom did she speak? *A.* I saw her doing nothing more than walking around, and speaking, perhaps, to the foreman. * * *

"*Q.* Just state, if you please, what you heard her say, as near as you can recollect, on any occasion. *A.* I think I have heard her remark as to the color of the painting around the house, as to the way she wanted the painting done.

"*Q.* She made suggestions as to how the painting should be done? *A.* Yes, sir. * * *

"*Q.* What, if anything else, did you hear her say to anyone that worked there? *A.* I worked there some time after they moved into the house.

"*Q.* After who moved into the house? *A.* Mr. and Mrs. Bauman. She gave me directions then as to putting up the hooks in the closets, and as to putting up key-hooks around the rooms, and there were several other things that I did around the place after they moved in that I cannot remember now.

"*Q.* Were you there when the stone work was put in? Yes; some of it was put in while I was there.

"*Q.* During the time that the stone work was being put up, did you see Mrs. Bauman there? *A.* Yes, sir."

The plaintiff's evidence furnishes the fair inference, that the contract for the building was made by Bornschein on the one side and Meyer Bauman on the other. In proof of this, Bornschein's order for $400, on account of the plaintiff's demand, was drawn directly on Bauman. To entitle the plaintiff under this state of the proof to the enforcement of its lien against Mrs. Bauman's property, it was necessary for it to introduce other evidence tending to prove that the contract, as originally made, was for the wife's benefit, and that it had been entered into by her husband as her authorized agent.

Under sections 6705 and 6726, Revised Statutes, 1889, it has been held that a married woman may

contract for the construction of improvements on her ordinary estate, so as to subject it to a mechanic's lien. *Tucker v. Gest*, 46 Mo. 339. What she could do herself, she could certainly do through her agent. Hence, the suggestion, that a wife is incapacited from appointing an agent to represent her in making a contract for such improvements, seems to be without force. With this objection out of the way, it only remains for us to inquire whether the plaintiff introduced any substantial evidence that Bauman, in contracting with Bornschein, acted as agent for his wife.

The quality or nature of the evidence necessary to the establishment of such an issue has been the subject of much discussion by the courts of the state. It is admitted by all that courts should guard with strict jealousy the rights of married women in reference to their property. But this idea should not be carried out at the expense of common justice. The occupation by a married woman of a luxurious home, which has been built on her land at the expense of industrious mechanics and materialmen, is not in accord with our ideas of right. Yet the courts, in carrying out the idea of the protection of the property of the wife against the contracts of the husband, have refused to give the mechanic a lien for his work, when there was no evidence tending to show that the wife contracted for the work, either directly or through her agent. The mere fact, that the wife knew of and assented to the improvements, where the husband appeared to be the actor, has been held to have no tendency, of itself, to prove that the husband, in making the contract, acted as her agent. It is only when such evidence is supplemented by further proof to the effect, that the wife actually participated in the making of the improvements, that is, by giving directions as to the mode and manner of doing the work, that the courts have permitted the question of the husband's agency to go to the jury. *Collins v. Megraw*, 47 Mo. 495; *Barker v. Berry*, 4 Mo.

App. 584; *Murphy v. Murphy*, 15 Mo. App. 600; *Schmidt v. Wright*, 6 Mo. App. 601; *Hughes v. Anslyn*, 7 Mo. App. 400; *Liesse v. Schwartz*, 6 Mo. App. 413.

Under the foregoing decisions we think the evidence was sufficient to require the submission of the question of Bauman's agency to the jury. Hence, the court committed error in forcing the plaintiff to a nonsuit as to the lien. The witness Balsom testified that Mrs. Bauman not only visited the building as often as twice a week during its construction, but also that she gave instructions and directions as to the mode and manner of doing the work. It is true that her participation was slight and was of little consequence, but it was enough to call for an explanation.

Where, in cases like the present, it is admitted, or is developed by the evidence, that the husband has contracted in writing in his own name for such improvements, and no mention whatever is made of the wife in the contract, then a different rule obtains. There the rule is that the evidence to establish the husband's agency, in the face of his express contract, must be so clear, cogent and persuasive, as to leave no reasonable doubt of the agency in the mind of the trier of the facts. *Kansas City Planing Mill Co. v. Brundage*, 25 Mo. App. 268; *Barker v. Berry*, 8 Mo. App. 446; *Garnett v. Berry*, 3 Mo. App. 197.

These authorities cannot be made to apply to the present case, because the facts are different. We only know of the contract involved in the controversy by mere inference. Whether it was in writing or not, or whether it was the individual contract of Bauman, or whether it was made in the name of his wife, is not shown. For these reasons we think that the defendants ought to have been required to meet the plaintiff's case. If the contract with Bornschein was made with Bauman solely on the individual responsibility of the latter, and it was so understood by all parties, it was

quite easy for the defendants to make the proof. They were the only persons, perhaps, who had personal knowledge of the facts.

The judgment will be reversed, and the cause remanded. All the judges concur.