KLINE & KLINE, Appellants, v. FRANK PERRY *et ux.*, Appellants.

Kansas City Court of Appeals, December 5, 1892.

1. **Mechanics' Lien:** CONTRACT: HUSBAND AND WIFE. In order to enforce a mechanics' lien upon real estate there must be a contract with the owner; and making an improvement under an agreement with the husband will not authorize a lien upon the wife's realty, and that the wife saw the improvement going on and made no objection is not sufficient to bind her.

2. ———: HUSBAND AND WIFE: LIEN ON BUILDING. A husband being in possession of his wife's land, and contracting for the building of a house thereon which he rented and received the rent, is such owner and proprietor that his contract will constitute a basis for a mechanics' lien on the building constructed.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*William Aull*, for plaintiff appellants.

(1) There was no contract with Lena Perry, and the property upon which the building was erected belonged to her. No mechanics' lien could be enforced against the lot or building thereon. *Marble & Lime Co. v. Bauman*, 44 Mo. App. 391; *Garnett v. Berry*, 3 Mo. App. 197; *Collins v. McGraw*, 47 Mo. App. 495; *Barker v. Berry*, 8 Mo. App. 446; *Mill Co. v. Brundage*, 25 Mo. App. 268; *Hughes v. Anslyn*, 7 Mo. App. 400; *Meyer v. Broadwell*, 83 Mo. 571. (2) There is no question of leasehold involved, and no contract with the owner nor anyone authorized by the owner, and a demurrer to the evidence was sustained on account thereof. Our statute only contemplates a lien on the building alone in case of leasehold property or contract with owner of the real estate, and does not contemplate a case like this where the husband erects a building on his wife's land. Revised Statutes, 1889, secs. 6707, 6708; *Broadwell v. Clark*, 39 Mo. 173.

*H. C. Wallace* and *Wallace & Chiles*, for defendant appellants.

(1) The evidence shows that Lena M. Perry lived on south end of same lots on which storeroom was constructed, that she was about building nearly every day,

sometimes in the building, and claimed it as her own. The petition in this cause only asks for mechanics' lien on the building alone. There was no error in enforcing lien on building. A lien may be enforced against the buildings and improvements on a married woman's property, when it cannot be enforced against her land or lot. Revised Statutes, 1889, sec. 6726; *Collins v. McGraw*, 47 Mo. 495; *Burgwald v. Weippert*, 49 Mo. 60. Power of married woman to contract: Revised Statutes, 1889, sec. 6864; *Tucker v. Gest*, 46 Mo. 339; *Putnam v. Ross*, 46 Mo. 337; *Mfg. Co. v. Gapet*, 22 Mo. App. 397. (2) A mechanics' lien may be enforced against a building alone, although the owner of the building is also the owner in fee of the land on which it is erected. And the right of enforcement against and the removal of the building is not confined to leasehold property. *Hôtel Co. v. Sauer*, 65 Mo. 279; Revised Statutes, 1889, secs. 6705, 6707; *Reilly v. Hudson*, 62 Mo. 383; *Crandall v. Cooper*, 62 Mo. 478; Revised Statutes, 1889, secs. 6717, 6718.

GILL, J.—Lena Perry, the wife and codefendant of Frank Perry, had title by ordinary conveyance of a certain tract of land in Bates City, LaFayette county. Her husband, Frank Perry, employed the plaintiffs Kline to construct for him a small store building on said lot. For the work thus done defendant, Frank Perry, failed to pay, and this action was brought to enforce a mechanics' lien against the land and the building.

At the close of plaintiffs' evidence the court sustained a demurrer in so far as the claim for a mechanics' lien against the land of the wife was concerned, and the cause proceeded and plaintiffs recovered a general judgment against Frank Perry and for the enforcement of a lien against the building alone, authorizing the issuance

of a general and special execution against said Frank Perry, and if the debt was not so made then the building to be sold with the right of the purchaser to remove the same, etc. Thereupon both parties appealed— plaintiffs complaining that they were not allowed the enforcement of a lien against the wife's land, while defendants complain that a lien was allowed against the building.

I. First now as to the court's action in declaring at the close of the plaintiffs' testimony that no mechanics' lien could be legally enforced against the wife's land. In our opinion the court's ruling in this regard was correct. It is well-settled law that as a basis for every mechanics' lien against real estate there should be a contract for the improvement made by the owner. There was not, in this case, a particle of evidence tending to establish a contract between plaintiffs and Mrs. Perry for the erection of this building on her land. Though the courts have in many cases gone a great ways to sustain such claims against the wife's real estate, where the improvement was directed by the husband, we have yet to find an instance where the lien was sustained against the wife's land on a showing like this. The evidence here fails to show, even remotely, that Mrs. Perry authorized the construction of this building in her own behalf. The most that can be said is, that she saw the plaintiffs engaged in the work and made no objection. This was not enough to bind her to a contract made by her husband. The husband had possession, under his marital rights, of the lot, and she might well think he was constructing the building on his own account, and for his own benefit, for the rents he might collect thereon. The husband as such has no power, by a building contract, to create a liability of his wife's estate to a mechanics' lien. He can only do so as her agent. Here there was no evidence to establish such an

agency; and the ruling of the trial court in that respect was correct. *Garnett v. Berry*, 3 Mo. App. 197; *Barker v. Berry*, 8 Mo. App. 446; *Hughes v. Anslyn*, 7 Mo. App. 400; *Carthage, etc., Lime Co. v. Bauman*, 44 Mo. App. 386; *Planing Mill v. Brundage*, 25 Mo. App. 268; *Meyer v. Broadwell*, 83 Mo. 571.

II.   While the trial court denied the plaintiffs' claim for a mechanics' lien against the wife's land, it yet permitted the enforcement thereof as against the *building* erected thereon by the husband, and of this defendants complain.

We assume the facts to exist, as the evidence tended to show, and as found by the jury, to-wit, that defendant, Frank Perry, had the charge and possession of the lot belonging to his wife, and that at his request plaintiffs by their work and labor constructed the building for the use and enjoyment of said Perry, and that when the lien was filed and the verdict and judgment rendered said husband owed plaintiffs the alleged balance awarded by the verdict. Now the question is this: Admitting plaintiffs' inability to enforce a mechanics' lien against the real estate of the wife, did they not yet have the right to charge the husband's building for the amount of labor they contributed to its construction? We think, under the law and in all justice, this must be answered in the affirmative. Section 6705, Revised Statutes, 1889, of the mechanics' lien law, provides that "every mechanic, etc., who shall do or perform any work or labor upon   *   *   *   any building *   *   *   under or by virtue of any contract with the owner or proprietor thereof   *   *   *   shall have for his work or labor done   *   *   *   a lien upon the building," etc.

Section 6726 defines the *"owner or proprietor"* above mentioned to mean, among others, "every person   *   *   *   for whose immediate use, enjoyment

or benefit any building, etc., shall be made shall be included by the words "owner or proprietor," etc.

Now can it be questioned that defendant, Frank Perry, was in this instance such "owner or proprietor?" Undoubtedly, this building was erected for his "immediate use and enjoyment." As being in the possession of the lot, and by his wife's consent, he constructed thereon this building, and immediately upon the completion, as the evidence shows, proceeded to rent it, and received and appropriated said rents to his own use. Clearly then, it seems to us, that here the plaintiffs did work and labor on the building, and "under and by virtue of a contract with the owner or proprietor thereof," and, therefore, are entitled under the terms of the statute to their mechanics' lien against said *building*, although unable to charge the wife's lot. We regard this a just ruling, and one too within the terms of the mechanics' lien law. This right to enforce a a lien against the building alone, giving the purchaser at the execution sale the power of removal, is not confined to leasehold property, as seems to be the defendants' contention. *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288. Though we have been cited to and have found no case where this exact question is decided, we regard the following as sustaining the principle involved: *Crandall v. Cooper*, 62 Mo. 478; *Ambrose Mfg. Co. v. Gapen*, 22 Mo. App. 397; *McAdow v. Sturtevant*, 41 Mo. App. 229.

In our opinion then the court submitted this case on the proper theory of the law. The instructions have been examined in detail, and we see no cause to condemn any of them. After a careful review of every question presented we affirm the judgment. All concur.