THE CHICAGO LUMBER COMPANY, Appellant, v. WILLIAM MAHAN *et al.*, Respondents.

Kansas City Court of Appeals, April 3, 1893.

1. **Mechanics' Lien:** MARRIED WOMAN. By the mechanics' lien statute a married woman's disability to contract is *pro tanto* expressly removed, and while the mechanic may not be able to obtain a judgment against her, he shall be entitled to a lien upon the property improved by his labor in the same manner as though the property belong to the husband, and the contract was with him.

2. ———: ———: CONTRACT WITH: AGENCY OF HUSBAND. To make a married woman's real estate liable to a mechanics' lien, the contract for the improvement must be made with her or her authorized agent; and the agency of the husband must be made to appear by showing he acted for the wife, and not for himself. If a contract with the married woman is relied on, it must be shown that she actually participated in the making of the improvements, and not merely knew of the improvements and made no objection; following *Kline v. Perry*, 51 Mo. App. 422.

3. ———: ———: ———: ———. A contract for an improvement was let through an architect for the owners. The architect was hired by both husband and wife. The wife knew of the improvement, gave mortgage for borrowed money to pay therefor, and had paid the money which had been paid thereon. She took personal supervision of the work and forbade changes ordered by the husband, and finally compelled the contractor to quit the work for not doing it to suit her, and she herself collected the rents. *Held*, sufficient evidence to take the case to the jury on the question of whether the wife was the party to the contract, though the contract was in writing and signed by the husband, and not by the wife.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Spencer & Strop*, for appellant.

The court erred in directing the jury to return a verdict in favor of Mary and Fred Hesse under the authorities of *Lime Co. v. Bauman*, 44 Mo. App. 387; *Fischer v. Auslyn*, 30 Mo. App. 316; *Leisse v. Schwartz*, 6 Mo. App. 413; *Collins v. Megraw*, 47 Mo. 497; *Seaman v. Paddock*, 51 Mo. App. 465.

*P. J. Carolus, S. P. Reynolds* and *S. S. Brown,* for respondents.

(1) The very foundation to the right to this lien "is the existence of a contract for the work and materials with the owner of the property to be improved. Unless the owner, by himself or his authorized agent, has contracted for the material, * * * no lien can attach to her property." *Planing Mill Co. v. Brundage*, 25 Mo. App. 268, and cases cited; Revised Statutes, 1889, sec. 6705. (2) The property against which this lien is sought to be enforced is the general property of the wife, in which the husband has a marital interest; to that extent he was improving his own estate as he had the right to do. It was also his duty to furnish his wife with a home. *Planing Mill Co. v. Brundage*, *supra*. Even in the absence of an express contract no presumption of fact could arise from the circumstance that the wife was the owner of the land, that the house was erected for her, rather than for him. (3) The money to pay for the erection of the house was raised by a mortgage of the interests of both husband and wife. It would be much more resonable to assume that by that act she had definitely fixed the liability she intended to assume. And to authorize a jury to find that this contract is between others than those named in it as parties, the fact must be proved beyond a rea-

sonable doubt. *Planing Mill Co. v. Brundage, supra; Lime Co. v. Bauman,* 44 Mo. App. 386.

GILL, J.—This is an action to enforce a mechanics' lien against the real estate of defendant, Mary Hesse, a married woman. Defendant Mahan was the contractor for furnishing the lumber, etc., and doing the carpenters' work on the building erected, and from plaintiffs he purchased the necessary material. Mahan failed to pay, and this suit was brought whereby it was sought to enforce a mechanics' lien against the property improved. At the close of the testimony the trial court held that no lien could be enforced, and under a peremptory instruction the jury found for defendant Hesse, and the plaintiffs have appealed.

I. It has been the settled law of this state since *Tucker v. Gest,* 46 Mo. 339, was decided, that under our lien statutes a married woman may so far bind her ordinary estate by contract as to subject it to the charge of a mechanics' lien. It is there said that her "disability to contract is *pro tanto* expressly removed, and while the mechanic might not be able to obtain a general judgment against her, he shall be entitled to a lien upon the property improved by his labor, in the same manner as though it belonged to the husband and the contract were made with him." It has, too, as often been declared by the courts of this state that the married woman's real estate can only be charged with a lien for improvements made thereon when the same were made under and by virtue of a contract with her or her authorized agents; and it is unquestioned that the husband may act as such agent.

It is here the difficulty arises in many of the adjudged cases. It is usual, of course, for the husband to look after the ordinary business affairs of his wife; and quite common too for the husband to appear as if

engaged in his own proper person, whereas in truth he is merely engaged as her agent in the matter. The embarrassment in these mechanic lien cases comes from a difficulty of determining whether the husband was engaged on his own account in erecting the improvement or on account and in behalf of his wife. If it shall satisfactorily appear that the husband contracts for and in behalf of his wife, and as her authorized agent, then it is her contract, and her estate may be charged in a suit to enforce the mechanics' lien. If no such agency is shown then her property cannot be charged. It is not enough of itself that the wife shall see the improvements going on and make no objection, or even that she may make suggestions as to the work, etc. Something more than this must appear. *Kline v. Perry*, 51 Mo. App. 422, and cases there cited. "It is only when such evidence is supplemented by further proof to the effect that the wife actually participated in the making of the improvements, that is, by giving directions as to the mode and manner of doing the work (*Lime Co. v. Bauman*, 44 Mo. App. 391) shall in fact appear as an actor in proper person or through an appointed agent in securing the erection of the building.

In the case at bar the question is: Did the evidence submitted at the trial tend to establish the facts thus necessary to charge Mrs. Hesse's lot. If so, then the court below erred in sustaining a demurrer to the testimony. In addition to the proof of notice of the lien, its proper filing in the office of the circuit clerk, etc., the plaintiff's evidence offered at the trial tended to prove about the following: That the contract for the erection of said improvements was let through an architect for the owners, and Mary Hesse testified that both she and her husband had hired the architect to superintend the erection of the house in question and to let the contract; that Mary Hesse had

knowledge of the construction of the house in question from the beginning; that she had borrowed money and given a mortgage on the real estate to raise money to pay for said house; that she had paid all the money on account of the building which had been paid thereon; that she had made said payments on the orders of the architect who had let the contract; that she took personal supervision of the construction of the house, and on several occasions when Fred Hesse, her husband, ordered the contractor Mahan to deviate from the specifications and plans, Mary Hesse commanded the contractor to comply with the specifications, and that she frequently told the contractor that he must build the house according to the specifications and not alter them without her consent, that it was her money which was paying for the house and Fred Hesse had nothing to do with the matter; that Mary Hesse had finally compelled the contractor to quit the contract because he was not doing the work to suit her; that ever since the completion of the house Mary Hesse had been herself collecting the rents derived from the improvements thus made, etc. It did appear, however, that this particular contract with Mahan for doing the wood work of the house was in writing and signed by Mahan and Fred Hesse, the husband, and that Mrs. Hesse's name was nowhere mentioned. But yet it seems that Mahan understood Mrs. Hesse to have been the real contracting party.

Now in our opinion evidence such as the foregoing was sufficient to take the case to the jury. It tended to prove that Mary Hesse, and not her husband Fred Hesse, was the party who contracted for the improvement in question. Indeed, we think this evidence should make a strong case for the plaintiffs. The following decided cases are in point. *Tucker v. Gest*, 46 Mo. 339; *Collins v. McGraw*, 47 Mo. 497;

*Fischer v. Auslyn*, 30 Mo. App. 316; *Planing Mill Co. v. Brundage*, 25 Mo. App. 268; *Leisse v. Schwartz*, 6 Mo. App. 413, and cases *supra*.

Judgment reversed and cause remanded. All concur.