R. B. FARLEY, Appellant, v. HERMAN STROEH, Respondent.

Kansas City Court of Appeals, December 14, 1896.

1. **Married Women:** AGENCY: SEPARATE PROPERTY. A married woman can not appoint an agent as to property not held as her separate property.

2. **Mechanics' Lien:** MARRIED WOMEN: AGENCY. By virtue of the mechanics' lien statute a lien for labor and materials may be acquired on improvements upon land of a married woman by a contract with herself or her agent.

3. **Principal and Agent:** HOW SHOWN. An agency need not be established by direct proof but may be shown by habit or course of business.

4. **Married Women:** AGENCY: HUSBAND. A husband may be authorized to act as his wife's agent by the same means as any other agent may be appointed and his acts will bind her.

5. **Mechanics' Lien:** MARRIED WOMEN: AGENCY: JURY QUESTION. Where the wife knows of and assents to improvements done by direction of the husband, such fact has a tendency to prove his agency; and, where it appears that she actually participated in making the improvements by giving directions, etc., the courts have permitted the question of agency in the making of the contract to go to the jury.

6. ———: HUSBAND AND WIFE: HUSBAND'S CONTRACT: EVIDENCE. Evidence to establish the husband's agency in the face of his written contract must be clear, cogent, and persuasive beyond a reasonable doubt, but if the contract be in parol, agency may be established like any other fact by the preponderance of the evidence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) Under the uncontradicted evidence plaintiff was entitled to a lien against the interest of both W. J.

Reid and Jennie L. Reid in the building and improvements. *Kline v. Perry*, 51 Mo. App. 422; *Seaman v. Paddock*, 51 Mo. App. 465. (2) Defendant W. J. Reid was an owner within the meaning of the mechanics' lien law, of the land upon which the improvements were situated. Sec. 6726, R. S. 1889. (3) In any event there was sufficient evidence to entitle plaintiff to go to the jury upon the question of Reid's ownership of the improvements. (4) If Mrs. Reid was the owner of the improvements, as claimed by the respondent, then there was sufficient evidence to take the case to the jury upon the question of Reid's authority to represent her in contracting for the improvements and repairs. 1 Am. and Eng. Ency. of Law, p. 333; *Hoppe v. Saylor*, 53 Mo. App. 4, 8; *Franklin v. Ins. Co.*, 52 Mo. 461, 465; *Brooks v. Jameson*, 55 Mo. 505, 512; *Gibson v. Zeibig*, 24 Mo. App. 65, 67; *Lumber Co. v. Mahan*, 53 Mo. App. 425, 428; *Barker v. Berry*, 4 Mo. App. 584, 585; *Collins v. Megraw*, 47 Mo. 495, 497; *Fischer v. Anslyn*, 30 Mo. App. 316.

*Buckner, Bird & Lake* for respondents.

(1) The contract being in writing and not with the owner of the property, the property could not be subject to a lien. *Planing Mill Co. v. Brundage*, 25 Mo. App. 268; *Henry v. Rice*, 18 Mo. App. 510; *Baker v. Berry*, 8 Mo. App. 446; *Garnett v. Berry*, 3 Mo. App. 202; *Planing Mill Co. v. Christophel*, 60 Mo. App. 106. (2) Neither was there any evidence tending to show that Reid was the agent of his wife in making the contract. The contract being in writing, the rule in such cases is: "That the evidence to establish the husband's agency in the face of his express contract, must be so clear, cogent, and persuasive as to leave no reasonable doubt of the agency in the mind of the trier of facts."

*Marble & Lime Co. v. Bauman*, 44 Mo. App. 392, and authorities *supra*. (3) Mere knowledge that her husband was repairing the house, or the fact that the wife visited it and made suggestions, alterations, etc., in the absence of any evidence that she paid for the improvement, has no tendency and is not sufficient to prove an antecedent agency. *Planing Mill Co. v. Brundage* and authorities *supra*. (4) The case of *Kline v. Perry*, cited by counsel, is easily distinguished from the case at bar and has been distinguished, and its authority limited, in the case of *Planing Mill Co. v. Christophel*, 60 Mo. App. 106.

SMITH, P. J.—This is an action on a mechanics' lien. The defendants, W. J. Reid and Jennie L. Reid —the latter the wife of the former—had judgment in the trial court and the plaintiff has appealed. At the conclusion of the evidence, the court gave a peremptory instruction requiring the jury to find for the above named defendants, and its action in this regard constitutes the basis of the appealing plaintiff's complaint here.

The solution of the question thus presented requires a brief reference to the facts, concerning the existence of which there is little or no dispute, and which may be summarized in this way:

The defendant, Jennie L. Reid, was the owner in fee of a certain lot in Kansas City, on which there was a dwelling house occupied by the said defendant and her husband, the defendant W. J. Reid. This house was partially destroyed by fire. Afterward the defendant W. J. Reid entered into a written contract with the defendant, Stroeh, for the repair of the said dwelling, and for the construction of an addition thereto. The contract was made by the defendant W. J. Reid in his own name. The plaintiff was a subcon-

tractor under said defendant, Stroeh, for furnishing certain material and doing certain work specified in the contract between defendants W. J. Reid and Stroeh.

The plaintiff, in his complaint, alleged that the defendant, W. J. Reid, in making the said contract with the defendant Stroeh, acted as the agent of the other defendant, Jennie L. Reid. The uncontradicted testimony of the plaintiff, Farley, and the defendant, Stroeh, was to the effect that there were a number of changes in the work as called for by the written contract. These changes consisted in departures from the contract specifications and in additions to such contract. Such changes were, in some instances, made by the joint direction of Mr. and Mrs. Reid, and others by Mrs. Reid only. Under the independent direction of the latter, substantial changes were made in the mode and manner of doing the work. She seems to have been usually present when any changes were directed by Mr. Reid, and to have exercised considerable supervision over the execution of the contract.

In *McFarland v. Heim*, 127 Mo. 327, it was declared that a married woman could not appoint an agent, as to property not held by her as her separate property; overruling *Maud v. Spaulding*, 94 Mo. 48. And so, being incapable of contracting, she is also incapable of authorizing another to contract for her. That such contracts being void, were consequently incapable of ratification. That this rule of the common law is still in force in this state, except where statutory modifications have occurred. The statute relating to mechanics' liens provides that: "Every person, including all *cestui que trust*, for whose immediate use, enjoyment, or benefit, any building, erection, or improvement, shall be made, shall be in-

MARRIED women: agency: separate property.

cluded by the words 'owner or proprietor' thereof, under this article, not excepting such as may be minors over the age of eighteen years, or *married women*." The supreme court has declared that the disability of a married woman to contract is *pro tanto* expressly removed by the above statutory provision. And that it does not limit her power to contract to cases where she has a separate estate.

In the same connection, it has been likewise declared by the same court, that this statute was necessary to enable a married woman, or *her agent*, to so far bind her ordinary estate by contract as to subject it to a mechanic's lien. *Tucker v. Gest*, 46 Mo. 339; *Bengwald v. Weipert*, 49 Mo. 60; *Collins v. Megraw*, 47 Mo. 495; *Garnett v. Berry*, 3 Mo. App. 197; *Lime Co. v. Bauman*, 44 Mo. App. 386; *Kline v. Perry*, 51 Mo. App. 422.

MECHANICS' lien: married women: agency.

It must now be conceded that, under the well settled construction of our statute in relation to mechanics' liens, any mechanic, or other person who shall do any labor, or furnish any materials, etc., for any building, erection, or improvement, upon land owned by a married woman, under a contract with her or her agent, shall, by complying with the provisions of such statute, have lien therefor upon such building, erection, or improvement.

This brings us to the consideration of the plaintiff's principal contention, which is, that there was substantial evidence requiring the submission of the case to the jury on the issue of whether the defendant, W. J. Reid, in contracting with defendant, Stroeh, acted as agent for the defendant, Jennie L. Reid. And agency need not be established by direct proof, but may be shown by the habit and course of business and

dealing between the parties. *Hoppe v.*
PRINCIPAL and *Saylor*, 53 Mo. App. 4; *Gibson v. Zeibig*,
agent: how
shown.
24 Mo. App. 65; *Franklin v. Ins. Co.*, 52
Mo. App. 461; *Brooks v. Jameson*, 55 Mo. 505. The
husband may be authorized by the wife to act as her
agent in the same manner and invested with the same
MARRIED women: power and authority as any other agent,
agency: hus- and when duly authorized, his acts bind
band.
her, within the limits of her capacity, to
the same extent as though she acted in person. Me-
chem on Agency, sec. 63. The adjudications in this
state all declare that the mere fact that the wife knew
of and assented to the improvements, where the hus-
band appeared to be the actor, has no tendency of
itself to prove that the husband, in making the contract,
acted as her agent.

But when such evidence is supplemented by further
proof to the effect that the wife actually participated
MECHANIC'S lien: in making the improvements, that is, by
married women: giving directions as to the mode and
agency: jury
question. manner of doing the work, the courts
have permitted the question of the husband's agency
to go to the jury. *Lime Co. v. Bauman, ante; Col-
lins v. Megraw*, 47 Mo. 495; *Barker v. Berry*, 4 Mo.
App. 584; *Murphy v. Murphy*, 15 Mo. App. 600;
*Schmidt v. Wright*, 6 Mo. App. 601; *Hughes v. Anslyn*,
7 Mo. App. 400; *Leisse v. Scwartz*, 6 Mo. App. 413;
*Lumber Co. v. Mohan*, 53 Mo. App. 425. According
to these authorities, the plaintiff, under the evidence
hereinbefore adverted to, was entitled to go to the jury
on the question of the agency of the husband for the
wife, in making the contract. It seems to us, from the
evidence, that the jury would be justified in deducing
the inference that the husband, in making the contract,
acted as agent for the wife. *Collins v. Megraw*, 47 Mo.
496; Phillips on Mech. Liens, sec. 104.

And even though the materials were furnished and the work was done under a written contract, no implied contract can arise inconsistent with the first, except upon very clear and positive proof. Indeed, the cases go to the extent of declaring the rule to be that the evidence, to establish the husband's agency in the face of his express contract, must be so clear, cogent, and persuasive as to leave no reasonable doubt of the agency in the mind of the triers of the fact. *Lime Co. v. Bauman, ante;* *Planing Mill v. Brundage,* 25 Mo. App. 268; *Barker v. Berry,* 8 Mo. App. *ante; Garnett v. Berry,* 3 Mo. App. 197. The evidence required to establish the agency of the husband for the wife, in the case of a written contract made by the husband in his own name, and that in a verbal contract so made, differs only in degree. In the case first instanced there must not only be a preponderance of the evidence, but it must be clear and convincing beyond a reasonable doubt; while in the latter, the agency may be established like any other fact, by the preponderance of the evidence. Mechem on Agency, sec. 106. In a case of the former kind, when the evidence, in the opinion of the court, is sufficient to authorize the submission of the case, it is doubtless the duty of the court to embody the foregoing rule in an instruction to the jury.

We therefore think the trial court erred in giving the defendant's peremptory instruction. There are other questions discussed in briefs of counsel, but which, in view of the conclusion just expressed, it becomes unnecessary to notice. The judgment will be reversed and cause remanded. All concur.