W. T. ALEXANDER, Respondent, v. BELLE M. PERKINS, . Appellant.

### Kansas City Court of Appeals, May 17, 1897.

Mechanics' Liens: HUSBAND AND WIFE: HUSBAND'S AGENCY: EVI-
DENCE. It is not enough of itself to charge a mechanics' lien upon
the wife's real estate, that she shall see the improvements going on
and make no objection, or even that she makes suggestions as to the
work. The evidence should show that she in fact appeared as an
actor in proper person or through an appointed agent in securing the
erection of the building. A mere showing the contract was with the
husband is not sufficient.

*Appeal from the Jackson Circuit Court.*—HON. C. L.
DOBSON, Judge.

REVERSED.

*Cook & Gossett* for appellant.

The evidence as against the defendant in this case,
Belle M. Perkins, is wholly insufficient to support a
verdict against her. The only evidence at all against
her is that she was in the house while the work was
being done, once and probably twice, and the work-
man doing the work says that someone told him to
be sure and get a certain part of it to work right.
Another workman says this someone was Mrs. Perkins.
This shows no contract with her and is wholly insuffi-
cient to raise any obligation upon her part to pay for
it, particularly in the light of plaintiff's own testimony,
which shows that he made the contract with W. W.
Perkins and not with her. Authority to bind Mrs.
Perkins as her agent is as essential to plaintiff's right
to recover on the demand as it is to enforce the claim
for mechanic's lien. *Kline v. Perry*, 51 Mo. App.

422; *Meyer v. Broadwell*, 83 Mo. 571; *Planing Mill Co. v. Brundage*, 25 Mo. App. 268; *Carthage, etc., v. Bauman*, 44 Mo. App. 386; *Chicago Lumber Co. v. Mahan*, 53 Mo. App. 425.

*W. F. Lyons* for respondent.

The evidence shows that Mr. Perkins had charge of this property, and that he and his wife both collected the rents. Witness J. T. Curley testified that he was a plumber by trade, and did this work. That nothing was done that was not absolutely necessary in order that the water could be turned on without flooding the house. That a lady, describing her (and it was not pretended but that the description was that of Mrs. Perkins, the defendant), came into the house while he was working on the plumbing, looked on while he was doing the work and gave particular instructions to see that the closet was working all right. Jerry McLowers testified positively that this lady was the defendant, that he knew her, knew her well; that he was there at the time, within six feet of her, saw her and heard her give the instructions concerning the closet. When it is remembered that not one bit of this testimony was disputed and no contradictory testimony offered, the facts testified to must be considered as conclusively proven. This of itself was enough to bring her within the rule laid down in the case of the *Carthage Lime Co. v. Bauman*, 44 Mo. App. 392. The evidence in this case tended to prove that the defendant stood by and saw her property improved by the labor of another, and that she gave directions concerning the work. She is now estopped from denying an implied promise to pay them. *Painter v. Ritchey*, 43 Mo. App. 111; *Harrison v. R'y*, 50 Mo. App. 322; 14 Am. and Eng. Ency of Law, p. 641; *Schwartz v.*

*Launders*, 46 Ill. 18 and 24; *Planing Mill v. Brundage*, 25 Mo. App. 275; *Barker v. Berry*, 8 Mo. App. 450; *Fisher v. Anslyn*, 30 Mo. App. 316; *The Carthage Lime Co. v. Bauman*, 44 Mo. App. 386; *Collins v. McGraw*, 47 Mo. 495; *Chicago Lumber Co. v. Mahan*, 53 Mo. App. 425, 439.

ELLISON, J.—This action was instituted against defendant, a married woman, before a justice of the peace to enforce a mechanics' lien against her real property for improvements made on her house. Plaintiff recovered in the circuit court. The contract was not in writing and was made with her husband, and no reference to her or to her husband being her agent was had in the contract. The allegation in plaintiff's statement is that the husband acted as her agent in making the contract. The plaintiff's testimony shows the contract to have been made with the husband. The only evidence to connect defendant with the transaction is that upon one occasion she was in the house and near the bathroom where one of plaintiff's employees was at work on the basin of the washstand and "she said to be sure and get the closet working all right." This was not sufficient to make a case for plaintiff. It was said by us in *Chicago Lumber Co. v. Mahan*, 53 Mo. App. 428: "It is not enough of itself that the wife shall see the improvements going on and make no objection, or even that she may make suggestions as to the work, etc. Something more than this must appear. *Kline v. Perry*, 51 Mo. App. 422, and cases cited. 'It is only when such evidence is supplemented by further proof to the effect that the wife actually participated in the making of the improvements, that is, by giving directions as to the mode and manner of doing the work' (*Lime Co. v. Bauman*, 44 Mo. App.

*Margin note:* MECHANICS' liens: husband and wife: husband's agency: evidence.

391), shall in fact appear as an actor in proper person or through an appointed agent in securing the erection of the building." That case and those cited therein, as well as others cited in the brief, and the recent case of *Farley v. Stroeh*, 68 Mo. App. 85, make it clear that the evidence in this case falls short of what is essential. It would be strange if any single disconnected utterance concerning work contracted for in the name of the husband should be held evidence sufficient to establish an agency. It seems that plaintiff deemed his case too slight to establish the lien and so dismissed as to that part of his complaint (though judgment seems to have been rendered for the lien). This would have made it necessary for us to interfere had the case been otherwise sufficient. Defendant's demurrer to evidence should have been sustained. Judgment reversed. All concur.