GEORGE COLLINS *et al.*, Respondents, *v.* MARGARET L. MEGRAW *et al.*, Appellants.

1. *Mechanic's lien — Married women, separate property of, when liable to lien.* — A married woman was shown to have had personal knowledge of work done and material furnished on her separate estate, and to some extent to have given personal directions respecting it, although her husband was the principal manager. It was also shown that she joined her husband in the execution of a note in settlement of the claim; the claimants, however, declining to receive the note in adjustment of their demand. *Held*, that under such circumstances the property might be subjected to a mechanic's lien.

*Appeal from St. Louis Circuit Court.*

*Henderschott & Chandler*, for appellants.

I. To charge the separate estate of a married woman it must appear that she made the engagement with reference to, and upon the faith and credit of, her estate. The court will not impute the intention to charge the separate estate of a married woman when she is living with her husband, but the intention must be clearly shown. (2 Sto. Eq. Jur., § 1401, *a*.)

II. The plaintiffs, at the time of making the contract and doing the work, had notice that the title to the real estate was not in the husband, but was held by a trustee for the sole and separate use of the married woman; and after the work was so done, made out an account in the name of the husband. Having thereby once given him credit, they can not shift the claim thereafter and charge the separate estate of the wife with the payment thereof.

*S. N. Taylor*, for respondents.

The separate estate of a married woman is held liable for all her debts, charges, encumbrances and other engagements which she expressly or by implication contracts. The fact that the debt has been contracted during coverture, either as principal or as surety, for herself or for her husband, or jointly with him, seems ordinarily to be held *prima facie* to charge her separate estate without any positive agreement or intention so to do. (2 Sto. Eq. Jur., §§ 1399, 1400; Hulme v. Tenant, 1 Brown's Ch. 16; Heally v. Thomas, 15 Ves. 596; Yale v. Dederer, 21 Barb. 289; Dyett v. N. A. Coal Co., 20 Wend. 370; Gardner v. Gardner, 22 Wend. 526; M. E. Church v. Jacques, 17 Johns. Ch. 581; Sadler *et al.* v. Houston *et al.*, 4 Porter, 208; Long v. White, 5 J. J. Marsh. 230; Sanford v. Marshall, 2 Atkins, 69; Thomas v. Falwell, 2 Watts, 11; Wallace v. Costan, 9 Watts, 137; Marshall v. Stephens, 8 Humph. 159; Montgomery v. Agricultural Bank, 10 Sm. & M. 567; Wilson v. Beeklam, 8 Leigh, 20, 27; Harris v. Harris, 7 Ired. Eq. 112; Bell & Terry v. Keller, 13 B. Monr. 384; Coates *et al.* v. Robinson *et al.*, 10 Mo. 757; Whiteside v. Cannon, 23 Mo. 457; Claflin v. Van Wagoner, 32 Mo. 252.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding to enforce a mechanic's lien. The legal title to the property sought to be charged, and upon which the labor and material sued for was expended, appears to have been vested in a trustee for the sole and separate use of the defendant, Mrs. Megraw, the wife of one of the other defendants, as her separate estate. The petition avers that the work and material was done and furnished at the special instance of Mrs. Megraw. This averment is controverted. The plaintiffs, however, gave evidence tending to prove the facts as alleged. It was in evidence that Mrs. Megraw had personal knowledge of the work prior to its completion, and that she to some extent gave personal directions respecting it, although her husband was the principal manager. It was also shown that she joined her husband in the execution of a note in settlement of the claim; the claimants, however, declining to receive the note in adjustment of their demand. The trial was by the court. No exception was taken to the evidence, and no declarations of law were either asked or given. The court found in favor of the plaintiffs and rendered judgment accordingly, and I see no occasion for disturbing it.

Courts are uniformly solicitous to protect the rights of married women in respect to their separate property. But married women, like other persons, have duties to perform as well as rights to vindicate. It is as unbecoming in them as in other parties to take unfair advantages. If they look on approvingly and see their separate estates improved by the money and labor of the industrious, it would be a gross injustice to shield the property thus benefited from the usual and appropriate charges in such cases. (Gen. Stat. 1865, p. 768, § 21; Tucker v. Gest, 46 Mo. 339.)

Let the judgment be affirmed. The other judges concur.