WM. BURGWALD, Defendant in Error, *v.* JOHN WEIPPERT AND ELIZA WEIPPERT, Plaintiffs in Error.

1. *Mechanics' liens — House building — Contract with husband, where land belongs to wife — Construction of statute — Judgment against whom.* — In a mechanic's lien suit for charges in building a house, the petition is not bad because it states that the contract was made with the husband, while the land belonged to the wife. Under section 21 of the mechanics' lien law (Wagn. Stat. 911), the contract must have been made for her use. But no general judgment should be rendered against the wife. So far as she is concerned, the proceeding should be only against the property improved by the building.

*Error to Jefferson Circuit Court.*

*H. F. Ahlvers* and *J. J. Williams*, for plaintiffs in error.

The petition shows neither directly nor indirectly any contract with Eliza Weippert, or whether she held the lot as her separate or general estate ; it is therefore bad. (Porter *et al.* v. Tooke *et al.*, 35 Mo. 107.) Hence the judgment, being against John and Eliza Weippert, was wrong. (Heltzell v. Hynes, 35 Mo. 482 ; Walkenborst v. Coste, 33 Mo. 401.)

The judgment was also special against the property of the wife, while she was no party to the contract. It was bad for that reason, and also as extending to her whole property, three acres, instead of being limited to one acre. (Oster v. Rabeneau, 46 Mo. 595.)

*P. Pipkin*, for defendant in error

BLISS, Judge, delivered the opinion of the court.

The petition states that defendant John Weippert entered into a contract with the plaintiff, by which the latter contracted to erect a brick dwelling upon the land of this defendant's wife, the said Eliza ; that he performed the contract ; that in due time he filed his account for the work to obtain a lien upon the building and lot under the act providing for mechanics' liens, and asked for the proper judgment. Issues were made up, the cause went to trial, the plaintiff obtained a general judgment against both defendants, and a special one against the property.

Defendants object to the record, first, because the petition shows that the contract was made with the husband and not the wife, to whom the land belonged.  The contract must have been made for her use, as the house was to be erected on her land, and hence comes within the express provisions of section 21, chapter 195, Gen. Stat. 1865 (Wagn. Stat. 911), that "every person, including all *cestuis que trust*, for whose immediate use, enjoyment or benefit any building, erection or improvement shall be made, shall be included in the words 'owner or proprietor' thereof under this chapter, not excepting such as may be minors over the age of eighteen years *or married women.*"  The petition, then, states a good cause of action.

But the objection to the judgment is well taken.  No general judgment should be rendered against Mrs. Weippert, and so far as she is concerned, the proceeding should be only against the property improved by the building.  It should therefore be reformed, and the judgment of the Circuit Court is reversed and the proper judgment entered in this court.  The other judges concur.