JOHN BARKER, Plaintiff in Error, v. GEORGE W. BERRY
ET AL., Defendants in Error.

March 9, 1880.

1. There can be no mechanic's lien except where the work is done or the
   materials are furnished under or by virtue of a contract with the owner,
   or his agent, trustee, contractor, or subcontractor.

2. Where the husband contracts in writing, in his own name, for the construc-
   tion of a house upon his wife's land, that the wife knew of the erection
   and gave directions as to the construction of some closets does not show
   that the husband acted as her agent, nor that she adopted the contract
   and made it her own.

3. In such a case it is too late to raise for the first time in the appellate court
   the question whether the husband's interest in the wife's land is bound
   by the lien.

ERROR to the St. Louis Circuit Court.

*Affirmed.*

TAYLOR & POLLARD, for the plaintiff in error : If the wife
knew the house was to be built, and that it was intended
for her use as a family residence, and if she visited the
building and gave personal directions as to some portions of
the work, thereby ratifying the act of her husband in erecting
said house, and has since lived in it, then a lien would ob-
tain. — *Collins* v. *Megraw*, 47 Mo. 495 ; *Burgwald* v.
*Weippert*, 49 Mo. 60 ; *Schmitt* v. *Wright*, 6 Mo. App. 601 ;
*Schwab* v. *Saunders*, 46 Ill. 18 ; *Barker* v. *Berry*, 4 Mo.
App. 585 ; *Weber* v. *Weatherbie*, 34 Md. 656 ; *Decamp* v.
*Gaskill*, 1 Cin. Superior Ct. 337 ; *Mattice* v. *Lillie*, 24 How.
Pr. 264 ; *Higgins* v. *Ferguson*, 14 Ill. 269 ; *Donaldson* v.
*Holmes*, 23 Ill. 85. Our merchanics' lien law gives to
mechanics a lien on the property of married women, the
same as if they were *feme sole*. — Gen. Stats. 768, sect. 21.
And the provisions of this law are to be liberally con-
strued to uphold the lien. — *Putnam* v. *Ross*, 46 Mo. 337 ;
*Oster* v. *Rabenau*, 46 Mo. 595 ; *Dewitt* v. *Smith*, 63 Mo.
263 ; *Hassett* v. *Rust*, 64 Mo. 325. The husband's curtesy
in the property was sufficient title to enable him to make a

contract which would support a lien. — *McCarthy* v. *Carter*, 49 Ill. 53; *Drake* v. *Glover*, 30 Ala. 382; Ph. on Liens, 121, sect. 81.

GEORGE P. STRONG, for the defendants in error: There was here no contract with the owner. — Wag. Stats. 907, sect. 1. The contract was explicitly a personal one with the husband, and the wife did nothing to make that contract her own. — *Garnett* v. *Berry*, 3 Mo. App. 197 (citing *Porter* v. *Tooke*, 35 Mo. 107; *Squires* v. *Tittman*, 27 Mo. 134; *Belding* v. *Cushing*, 1 Gray, 576). See also *Miller* v. *Hollingsworth*, 33 Iowa, 227; *Knopp* v. *Brown*, 11 Abb. Pr. (N. S.) 124, 125; *Dearie* v. *Martin*, 78 Pa. St. 55, 57; *Eystra* v. *Capelle*, 61 Mo. 578 (citing 2 Bishop's Mar. Wom., sect. 396); 9 Pet. 629; *Rowell* v. *Klein*, 44 Ind. 291; *McClaren* v. *Hall*, 26 Iowa, 297.

HAYDEN, J., delivered the opinion of the court.

This is a suit brought by a subcontractor against Berry, the contractor, and Edward C. and Harriet Chamberlin, to enforce a mechanic's lien. The house was built under a written contract between Edward C. Chamberlin, the husband, on the one part, and the defendant Berry, " with John Barker as security," as the contract states, as party of the second part. The title to the land was in Mrs. Chamberlin, the wife, by deed directly to her and her heirs, and she was not mentioned in the contract. The contention of the plaintiff upon the trial was that the wife gave directions as to the construction of the house and adopted the act of the husband, as expressed by the contract, in having the house built upon her land. On the other hand, the defendants Chamberlin contended that there was no contract made or order given on the part of the owner, Mrs. Chamberlin, and that no one assumed to act for her, or as her agent; hence the husband only was liable. The court refused the instructions asked by plaintiff and gave its own, leaving the jury to say from the evidence whether the husband, in mak-

ing the contract with Berry, acted in behalf of his wife, but directing them, if the husband made the contract without authority from her, to find against the lien.

The instructions of the plaintiff were properly refused. It was unnecessary to have any instruction covering all the issues raised by the pleadings. Upon the trial the paper issues were sifted, and the court properly gave instructions directed to the points really in controversy. If there was any error in these, it was that the evidence on the part of the plaintiff was too slight to justify the conclusions to be deduced in his favor. In fact, there was no evidence tending to show that the wife was bound by what the husband had done. Of his own accord he made his express contract in writing for the building of the house, with which contract she had nothing to do; and, in the absence of any evidence other than that which this record discloses, there can be no presumption, so far as any lien is concerned, such as that which arises where the work is done or materials furnished for any building upon land " under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor, or subcontractor," to use the essential words of the statute. Here the contract was not with the owner. It is true that the lien does not arise from the written contract as such, but from the furnishing of the materials or doing the work upon order or direction for them; but where there is a written contract, this governs in ascertaining the nature of the order, so far as the contract covers the work at least, in the absence of other directions, and here are none. The husband ordered, and used his own money. The wife knew of the building, but this fact would not authorize the jury to infer that she ordered the work to be done, or was bound so far as her land was concerned. It was perfectly consistent with the express arrangement of the special contract that the wife should visit the building and know that it was in progress. There was no obligation upon her to dissent from the agree-

ment that the contractor had been willing to make; and so far as she adopted, or, to use the inapplicable word of the plaintiff, "ratified" anything, it was the express written contract which she adopted, and by this she was not bound. In the face of one express and special contract the law does not, except, at least, upon very clear and positive proof, raise an implied obligation inconsistent with the first; and especially should it not be so without such evidence, in the case of a wife. The husband is the head of the family, whose duty it is to provide the home. The wife, in her domestic capacity, has her own sphere, and may certainly "give directions how she wants the closets and pantry finished,"— which is all she did here,— without authorizing an inference that she adopts as her own the contract of another person. Indeed, "adoption" is as inapt as "ratification," to express the meaning; for adoption implies assent to the contract as it is, and certainly the case is conceivable that the material-man is willing to look exclusively to the written contract and the parties named in it. Adoption cannot imply the insertion of a new party to the contract, or of any additional obligation not arising from it as it stands. Here the testimony of the defendant negatives all concert of action on the part of the wife, and shows that not only the contract, but the arrangement for building the house, was the husband's.

Much that was said in *Garnett* v. *Berry*, 3 Mo. App. 117, applies here, and the observations there made as to *Burgwald* v. *Weippert*, 49 Mo. 60, relieve us from the necessity of commenting on that case, now relied on by the plaintiff. In *Collins* v. *Megraw*, 47 Mo. 495, the statement of facts by the court clearly distinguishes that case from this. In *Schwartz* v. *Saunders*, 46 Ill. 20, the facts are not given on which what is said depends. Other cases cited by the plaintiff are to the effect that the legal owner should not stand by and see improvements put upon his land under the order of another, and then attempt to de-

feat the lien. But the case at bar presents no ground for estoppel. The wife had a right to suppose that the material-men looked to the written contract as made, and certainly she did not in any way authorize her husband to act for her, nor did he assume to do so. She neither said nor did anything from which any inference could be drawn that she was responsible. Under these circumstances, how the necessary agency is to be established in the face of the express contract, which subcontractors were bound by, it is not easy to discover.

It is claimed that the husband had an interest in the land, and that this interest, at least, is bound. But there is no evidence to show he had any interest. Because a husband may have an interest in his wife's property, held as this was, it cannot be supposed that at the time here in question this husband had any such interest in the realty as could be the subject of a mechanic's lien. It is not necessary here to decide whether the husband's ordinary interest in his wife's real estate can be the subject of a mechanic's lien where the debt is a debt contracted by the husband. See Wag. Stats. 935, sect. 14. Here no issue was made upon this point, and possibly the defendants might have shown that the husband had no interest in the property. Neither this question nor that as to the building can be raised in this court, when the defendants have had no opportunities to meet the matter upon the trial below. As to the issues raised there was no error.

It is proper to remark that, though in the state of the evidence here the second instruction of the court was correct, it should not be assumed as a general proposition that the wife must at the outset give authority or direction for the making of a contract by the husband in order to charge her property with the lien. The facts undoubtedly may be such as to raise a new obligation as to the wife's interest, upon which obligation the material-man may have a right to rely, as an implied contract of husband and wife in re-

gard to the realty, in which both have an interest, which contract, like any new parol agreement, may to a greater or less extent supersede a previous one in writing.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.