C. W. HOLLAND ET AL., Respondents, v. PATRICK McCARTY, Appellant.

St. Louis Court of Appeals, January 4, 1887.

INSTRUCTIONS—NON-TECHNICAL WORDS.—The meaning of words in common use and which have no special technical meaning in the connection in which they are used in an instruction, need not be explained to the jury.

APPEAL from the St. Louis Circuit Court, SHEPARD. BARCLAY, Judge.

*Affirmed.*

A. R. TAYLOR, for the appellant.

EBER PEACOCK, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This is an action by sub-contractors, against the contractor to recover a balance claimed to be due upon a building contract, and also to recover the value of some extra work.

There was judgment for the plaintiffs as to both of these items, and the defendant contractor appeals.

It is conceded that there is no error in the judgment as far as it relates to the balance due under the contract, but the defendant complains that the court erred in giving instructions of its own motion, and in refusing some asked by the defendant, as to extra work.

The work was ordered by one Walsh, who was the architect in charge of the erection, and the main contention at the trial was whether Walsh had authority from the defendant to order the extra work to be done by the plaintiffs on the defendant's account. The defendant complains that the instructions of the court on that subject were not clear and definite enough. And that certain additional instructions, requested by the defendant on that subject, should have been given. The court charged the jury very fully, and charged them on this particular subject as follows .

"There can be no recovery against the defendant McCarty on account of extra painting and glazing, alleged to have been done by the plaintiff, unless the jury are satisfied by the evidence that said McCarty or Mr. Walsh, by his authority, requested the plaintiff to

do such extra work, and the burden of proving such request is upon the plaintiffs to establish, by a preponderance of testimony."

"If the jury believe from the evidence, that the defendant McCarty notified the plaintiffs, or either of them, that he would not be responsible for the extra painting sued for, and that the plaintiffs thereafter did said extra painting at the request of Thomas Walsh, without authority from defendant McCarty, then defendant McCarty is not liable for said extra work."

The complaint made is, that the meaning of the word "authority" is not defined, by instructing the jury as to what acts on the part of the defendant would amount to such authority. We have repeatedly held that words of the English language in ordinary use, when used in no peculiar technical sense, need not be explained to the jury. There is nothing in this case to take it out of the rule. The word authority, in the connection in which it was used, was used as a word having a well defined meaning in common parlance, and no jury composed of intelligent men (as juries under the provisions of the statute are bound to be), could misunderstand it.

As this is the only error complained of, and the objection is without merit, the judgment is affirmed, all the judges concurring.