JOHN W. REINHART, Respondent, v. CRESCENT BUILDING AND LOAN ASSOCIATION *et al.*, Appellants.

St. Louis Court of Appeals, February 13, 1894.

Practice, Appellate: REVIEW OF RULINGS OF TRIAL COURT. When no instruction is asked or given in an action at law, and there is nothing in the record to show that the trial court applied an erroneous theory of law to the evidence, and when the judgment of that court is supported by the evidence, an affirmance of that judgment on appeal necessarily results.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Kerr & Webb* for appellants.

*John W. McElhinney* for respondent.

ROMBAUER, P. J.—The plaintiff recovered a judgment against one De Witt C. Williamson for $118, which amount was alleged to be a valid lien, under the mechanics' lien law, against a house and lot in Tuxedo park. The mechanics's lien account and claim was not filed within four months after the plaintiff's cause of action accrued, but it was filed within six months thereafter. When the lien was offered in evidence, the defendants objected to it as not filed in time, claiming that the evidence conclusively showed that the plaintiff was a subcontractor and not an original contractor. At the close of the evidence the defendants asked an instruction that the plaintiff was not entitled to recover, which was the only instruction asked by either party, and which the court likewise refused. The admission of the lien account in evidence, and the refusal of this instruction, are the only errors complained of by the appealing defendants.

The plaintiff's evidence tended to prove the following facts: The title to the lot on which the house in question was erected was in the defendant, De Witt C. Williamson, and the plaintiff knew that fact. The plaintiff contracted with Williamson to build the stairways in the house, who told him, at the time, that the house belonged to him. The plaintiff knew that Williamson was a member of the Paulus & Williamson Architectural Company, and that such company was building houses in Tuxedo park. The plaintiff had other contracts with that company, but when he spoke to Paulus, its president, in relation to this work, the latter referred him to Williamson.

The defendants gave evidence tending to show that

although the title to the lot was in Williamson, the house on it was built by the Paulus & Williamson Architectural Company for one Mrs. Healy, and that this was evidenced by written contract; but there was no evidence that plaintiff knew this fact or knew that the Paulus & Williamson Architectural Company were the contractors for the erection of the building, except in so far as such an inference was admissible from the plaintiff's dealing with that company in other transactions. Paulus, who was a witness for the defendant, states that, as far as the building of the house was concerned, Williamson attended to it strictly.

This being in substance all the evidence, we see no legal error in the record. It is unquestionably true that a contractor for the erection of a building contracts at his peril with any person who has not the legal right to subject it to a lien. But Williamson, as far as this plaintiff is concerned, did have the legal right to subject this property to a lien. The legal title to the property was in Williamson, and there is no direct evidence that the plaintiff had any actual notice that Williamson was not the absolute owner of both house and lot, or that he did not contract with the plaintiff as such owner.

It is also true that from all the evidence, direct and circumstantial, the inference was admissible that the plaintiff knew that he was contracting with the Paulus and Williamson Architectural Company, that that company was the principal contractor for the erection of the building, and that he was only a subcontractor. The court, therefore, *might* have found that the plaintiff was only a subcontractor, and had lost his lien by not filing his account within four months. But there is wide difference between an admissible inference and a necessary or conclusive inference. It is only when the trier of the facts disregards the latter that we

are warranted in setting aside the finding as one against the evidence.

It will also be seen that there are elements of an estoppel *in pais* in this case, which might have influenced the finding. *Collins v. Megraw*, 47 Mo. 495; *Allen v. Sales*, 56 Mo. 28; *O'Leary v. Roe*, 45 Mo. App. 567. Since no instructions were given or refused, and there is nothing to show that the court applied an erroneous theory of law to the evidence, and since the finding is supported on several theories on the evidence adduced, it necessarily results that the judgment must be affirmed. So ordered. All concur.