HALLIWELL CEMENT COMPANY, Appellant, v. MARY ELSER et al., Respondents.

Kansas City Court of Appeals, May 15, 1911.

1. **MECHANIC'S LIEN: Married Woman: Agency.** In order to establish a mechanic's lien, the material must not only be furnished for, and go into, the construction of the building, but the person furnishing the material must have a contract with the owner of the premises, or his agent; or, if the material be furnished to a contractor, the latter must have a contract with the owner or his agent.

2. ——: ——: ——: **Husband: Agency.** The mere fact that the wife knew her husband had contracted for the erection of a building on her land, does not establish that he was her agent. Cases distinguished.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* and *Roy B. Thompson* for appellant.

(1) Was G. G. Elser the agent of defendant, Mary Elser, in the execution of the building contract with defendant, Bradfield? Burgwald v. Weippert, 49 Mo. 60; Winslow Bros. Co. v. Stone Mason Co., 169 Mo. 236;

McDonnell v. Nicholson, 67 Mo. App. 408; Becker Lbr. Co. v. Stevens, 84 Mo. App. 558; Lime Co. v. Bauman, 55 Mo. App. 204; Collins v. McGraw, 47 Mo. 495; Leisse v. Schwartz, 6 Mo. App. 413; Fischer & Co. v. Anslyn, 30 Mo. App. 316. (2) When the last day of the time within which a lien may be filed falls on Sunday, the following day is in time. Bank v. Williams, 46 Mo. 17; Evans v. Railroad, 76 Mo. App. 468; Jourdan v. Railroad, 92 Mo. App. 84; State ex rel. v. Wilson, 99 Mo. App. 675. (3) A materialman is not affected by separate contracts between owner and contractor when goods are furnished under continuous open account without notice. Moore v. Renick, 95 Mo. App. 209; Lumber Co. v. Harris, 107 Mo. App. 148; Cut Stone Co. v. Gray, 114 Mo. 497. (4) Notice of intention to file lien may be served upon the agent of the owner or filed in the office of the recorder of deeds. Sec. 8232, R. S.

*Thurmond & Farrar* for respondents.

(1) Where the husband contracts in writing in his own name for the construction of a house upon his wife's land, that the wife knew of the erection, but gave no directions as to the construction, does not show that the husband acted as her agent, nor that she adopted the contract and made it her own, and is not bound thereby. Barker v. Berry, 8 Mo. App. 446; Garnett v. Berry, 3 Mo. App. 197; Planing Mill Co. v. Brundage, 25 Mo. App. 268; Kuenzel v. Stevens, 73 Mo. App. 17; Boisot on Mechanic's Liens, p. 271, par. 277. (2) Service of notice of intention to file a mechanic's lien should be left in the hands of the owner, and the statute covering certain exceptions does not apply. Ryan v. Keeley, 9 Mo. App. 396; Meyer v. Christian, 64 Mo. App. 203; Conway v. Campbell, 38 Mo. App. 473; School District v. Holmes, 53 Mo. App. 487; Langan v. Schlief, 55 Mo. App. 213; Van Studiford v. Kohn, 46 Mo. App. 436. (3) The rule that when the last day of a period of time falls on Sun-

day the period will be extended to include the following Monday is not applicable to acts which by the statute are required to be done within a certain time therein limited. Patrick v. Faulke, 45 Mo. 312; Miner v. Tilley, 54 Mo. App. 627; Williams v. Lane, 87 Wis. 152, 58 N. W. 77; Bowes v. Christian Home, 64 How. Pr. 509; Haley v. Young, 134 Mass. 364; Allen v. Elliott, 67 Ala. 432. (4) A materialman cannot have a lien upon a lot and building thereon for material furnished for a sidewalk laid in the street joining the building if the work for the sidewalk was done under a separate and distinct contract. Cut Stone Co. v. Gray, 43 Mo. App. 671; Cut Stone Co. v. Gray, 114 Mo. 497; Boisot on Mechanic's Liens, p. 114, par. 110. (5) Where there are separate contracts, in order for a lien account to be good for the entire work, it must be filed within the statutory period after the completion under each contract. Schulenberg v. Vrooman, 7 Mo. App. 123; Livermore v. Wright, 33 Mo. 31; Page v. Betts, 17 Mo. App. 366; Pullis v. Hoffman, 28 Mo. App. 666; Kearney v. Wurdeman, 33 Mo. App. 447; Miller v. Herbert, 62 Mo. App. 682; Slate Co. v. Anderson, 76 Mo. App. 281.

ELLISON, J.—Plaintiff furnished material to go into a building and sidewalks in Kansas City, to one Bradfield, who had the contract to erect the building and construct the walks, and this action was instituted under the mechanic's lien statute, to enforce a lien for the price of the material. The cause was tried by the court without the aid of the jury, and the judgment was against the contractor for the debt, but a lien was refused against the building. Plaintiff thereupon appealed.

It appears that the property is owned by Mrs. Elser, who is the wife of G. G. Elser, and that the building was erected by Bradfield, as contractor, under a written contract with the husband. Plaintiff's case is based on the theory that the husband was acting for his wife,

as an undisclosed principal, and it is sought to hold her property liable to the lien on that ground.

To secure a lien under the mechanic's lien statute, it is not enough that the material be furnished for a building and that it actually go into the building, but it must also be furnished to one who has a contract with the owner of the building, or his agent (sec. 8212, R. S. 1909). It is conceded that Bradfield, to whom plaintiff furnished the material, did not have a contract with Mrs. Elser, the owner, and the only question we care to notice is, was her husband, with whom the contract was made, her agent? The case was tried without declarations of law being offered, and none were given. In order, therefore, to find for plaintiff and reverse the judgment, we must say that the evidence, as a matter of law, showed the husband's agency. This we can by no means do. We think the circuit court abundantly justified in finding that no agency was shown. The mere fact that the wife knew that her husband had made a contract in his own name to build a house on her real estate does not of itself, establish that she directed or engaged him to do so for her. [Planing Mill v. Brundage, 25 Mo. App. 268; Garnett v. Berry, 3 Mo. App. 197.] There must be an agency established and if that relation is not made out to the satisfaction of the trier of the facts, the lien must fail. [Kuenzel v. Stevens, 155 Mo. 280; Winslow Bros. v. McCully S. M. Co., 169 Mo. 236.]

Plaintiff seems to place more reliance on the case of Burgwald v. Weippert, 49 Mo. 60, than it should. It is true the statute was the same when that case was decided as now (sec. 8234, R. S. 1909). It reads as follows: "Every person, including all *cestuis que trust,* for whose immediate use, enjoyment or benefit any building, erection or improvement shall be made, shall be included by the words 'owner or proprietor' thereof under this article, not excepting such as may be minors over the age of eighteen years, or married women."

But the court only passed on the question of the sufficiency of the petition and said nothing as to the nature of the evidence. It was not said that the mere building on the wife's land by the husband made him her agent. The statute was not meant to force an agency upon the wife.

We have no right to interfere with the judgment, and it is affirmed. All concur.