R. D. KURTZ, INCORPORATED, A CORPORATION, RESPONDENT, v. ERWIN FIELD, APPELLANT, C. J. LEHMAN ET AL., DEFENDANTS.*—14 S. W. (2d) 9.

St. Louis Court of Appeals. Opinion filed February 5, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3218, p. 1182, n. 36; section 3240, p. 1200, n. 30; Husband and Wife, 30CJ, section 106, p. 572, n. 87; Mechanics' Liens, 40CJ. section 88, p. 101, n. 98; section 198, p. 172, n. 10; p. 173, n. 16; section 275, p. 228, n. 78.

*H. A.* and *Harry S. Gleick* for appellant.

*Lloyd W. Holmes* for respondent.

BENNICK, C.—This is an action to enforce a mechanic's lien, instituted by plaintiff, the materialman or subcontractor, in the circuit court of St. Louis county, on January 24, 1927. When the case was called for trial, plaintiff dismissed as to the unknown holders and owners of the several promissory notes secured by deeds of trust upon the property, and described in its petition. Defendants Field, Franciscus, and Hummel alone appeared; and judgment by default was taken against the remaining defendants.

Defendant C. J. Lehmann, doing business as the Lehmann Construction Company, was the general or original contractor. Defendants Ida Lehmann and Curt J. Lehmann, husband and wife, were owners of the property by the entirety, having acquired title by a warranty deed, executed to them by their grantor on January 27, 1926. On October 9, 1926, the Lehmanns conveyed the property by warranty deed to defendants Gordon C. Hampton and Sarah J. Hampton, his wife, by whom a deed of trust thereon was executed at the same time to the Title Guaranty Trust Company, a corporation, trustee for the Lehmanns. After foreclosure proceedings under the deed of trust, the property was conveyed by a trustee's deed, executed by the Title Guaranty Company, on December 17, 1926, to defendant Pearl Goldstein, by whom the property was in turn conveyed to defendant Erwin Field, by a quitclaim deed, executed December 18, 1926.

The petition alleged that, on or about January 26, 1926, defendants Ida Lehmann, Curt J. Lehmann, Gordon C. Hampton, and Sarah J. Hampton, as owners of lot 31, in block 19, of Westmore Park Subdivision In St. Louis county, entered into a contract with C. J. Lehmann, doing business as the Lehmann Construction Company, as original contractor, for the erection of a building upon their above-described real estate; that, at the special instance and request of the original contractor, plaintiff furnished certain material and labor to be used, and which was used, in the construction of the building; that the sum of $285 was due and payable to plaintiff on such account; that plaintiff's lien was filed in the circuit court of St. Louis county on January 17, 1927; and that, at least ten days prior to the filing of such lien, plaintiff had given notice in writing to

defendants Ida Lehmann, Curt J. Lehmann, Gordon C. Hampton, Sarah J. Hampton, Pearl Goldstein, and Erwin Field of its claim and intention to file a lien therefor.

Plaintiff prayed judgment against the original contractor for the sum of $285 with interest, and for a mechanic's lien against the property, the same to be a prior and superior lien to the several deeds of trust and deeds heretofore referred to.

The answer of defendant Field, with whose rights we are solely concerned on this appeal, was a general denial.

After a hearing upon the issues joined, the court rendered its judgment in favor of plaintiff, and against defendant C. J. Lehmann, doing business as the Lehmann Construction Company, for the sum of $285, with interest amounting to $22.80, aggregating the sum of $307.80, together with costs of suit and lien; and further awarded plaintiff a mechanic's lien against the property, the same to be a prior and superior lien to the several deeds of trust and deeds. From the judgment so rendered, defendant Field alone has appealed.

In addition to the facts heretofore stated, the evidence for plaintiff disclosed that its contract with the original contractor was dated September 27, 1926; that the materials were furnished, and the work done, between September 29, 1926, and October 15, 1926; and that defendant Curt J. Lehmann had stated to Mr. Kurtz of plaintiff company that he was the owner of the property. Plaintiff then offered in evidence the subcontractor's notice of claim and intention to file lien, with the return of service thereon, reading as follows:

"Lloyd W. Holmes, being duly sworn, on his oath states that on the 5th day of January, 1927, he served the within notice of claim of lien on Ida Lehmann and Curt J. Lehmann by delivering a true copy thereof to Curt J. Lehmann personally, and to Curt J. Lehmann for Ida Lehmann, he being the husband of Ida Lehmann, over the age of fifteen years, and in charge of the usual place of abode of said Ida Lehmann; and that after due and diligent search the within named Gordon C. Hampton, Sarah J. Hampton, Pearl Goldstein and Erwin Field could not be found in the county of St. Louis, Missouri; and that on the 7th day of January, 1927, he filed a true copy thereof with the recorder of deeds of the county of St. Louis, Missouri."

It was undisputed, so far as the evidence went, that plaintiff furnished the material and labor set forth in its lien account; that the prices charged therefor were reasonable; and that said materials and labor actually entered into the construction of the building.

At the close of plaintiff's case, defendant Field submitted an instruction in the nature of a demurrer; and, when the same was overruled, he declined to offer any evidence in his own behalf.

The propriety of the court's refusal of defendant Field's requested peremptory instruction in the nature of a demurrer to plaintiff's evidence is the sole point urged for our consideration on this appeal.

In support of their contention that plaintiff failed to make out a case so as to entitle it to a lien, counsel argue that there was no personal service upon the owners of the property, or their agents, of plaintiff's notice of lien, as required by sections 7235, 7236, Revised Statutes 1919. The first section provides that subcontractors, as was plaintiff, shall give ten days' notice before the filing of the lien to the owner, owners, or agent; and the latter, that, whenever property is sought to be charged with a lien, and the owner thereof is not a resident of the State, and has no agent in the county in which the property is situated, or, when the owner is a resident of the State, but has concealed himself, absconded, or absented himself from his usual place of abode, so that notice may not be served upon him, then, and in that event, a copy of such notice may be filed with the recorder of deeds, and, when so filed, shall have like effect as if personally served upon the owner or his agent.

It will be recalled that in this case the return of service upon the notice showed service upon defendant Curt J. Lehmann personally, and to him for defendant Ida Lehmann, his wife, he being over the age of fifteen years, and in charge of the latter's usual place of abode; and further disclosed that, after due and diligent search, defendants Gordon C. Hampton, Sarah J. Hampton, Pearl Goldstein, and Erwin Field could not be found in the county of St. Louis, Missouri, and that a true copy of the notice had been filed with the recorder of deeds of such county on January 7, 1927.

So far as concerns the Lehmanns, we are convinced that the service had upon them was sufficient. In fact, it is only the service upon defendant Ida Lehmann which is questioned; but we regard the technical suggestions of counsel as without merit, since the return conformed in all material respects to the requirements of section 9156, Revised Statutes 1919, providing that the leaving of a true copy of the notice at the usual place of abode of the party sought to be served, with some member of such party's family over the age of fifteen years, shall constitute a valid and sufficient service of such notice. [See, also, H. B. McCray Lumber Co. v. Standard Construction Co. (Mo. App.), 285 S. W. 104; L. J. Mueller Furnace Co. v. Dreibelbis (Mo. App.), 229 S. W. 240.]

It may be that the mode of service had as to the remaining defendants, including defendant Field, cannot meet with such ready approval. It will be recalled that plaintiff relied wholly upon the filing of a copy of its notice with the recorder of deeds, because, after due and diligent search, the parties sought to be served could not be found in the county. Thus it seems unquestionable that the

affidavit failed to show, as a prerequisite to the filing of the notice with the recorder of deeds, and the right to rely thereon as a substitute for personal service, either that the parties were nonresidents, and had no agent in the county, or that they were residents, but had absented themselves from their usual places of abode, so that service could not be had upon them.

But, conceding that there was no proper service upon the alleged owners other than the Lehmanns, it by no means follows that plaintiff was, on such account, precluded from the establishment of a lien upon the property. The cases hold that, in an action by a subcontractor for the enforcement of a mechanic's lien, it is incumbent upon him to give notice of his claim to the persons who were owners of the property when the original and subcontracts were made, or to their agent (Kuhleman v. Schuler, 35 Mo. 142; Edward McLundie & Co. v. Mount, 145 Mo. App. 660, 123 S. W. 966; P. M. Bruner Granitoid Co. v. Klein, 100 Mo. App. 289, 73 S. W. 313; Brown v. Wright, 25 Mo. App. 54; Hewitt v. Truitt, 23 Mo. App. 443; Koenig v. Boehme, 14 Mo. App. 593); and that he is not bound to take notice of any ·subsequent conveyances of the property. [H. B. McCray Lumber Co. v. Standard Construction Co., supra; Brown v. Davis (Mo. App.), 249 S. W. 696.] Here, the owners of the property at the time of the making of both contracts, and certainly at the time of the making of the contract between plaintiff and the original contractor, were defendants Curt J. Lehmann and Ida Lehmann, his wife; and, consequently, since the service of notice of lien upon them was valid and sufficient, as we have heretofore shown, it was immaterial to plaintiff's right to pursue this action that the form of service of notice upon the defendant owners under subsequent conveyances was irregular and invalid.

The next point, however, is a more serious one, namely, that the judgment sustaining plaintiff's lien was improper, in the absence of evidence showing consent or acquiescence by defendant Ida Lehmann, a tenant by the entirety, in the making of the improvement in question out of which plaintiff's lien has arisen.

So far as the evidence went, it was shown that plaintiff's contract was only with defendant Curt J. Lehmann, and it is now definitely established that the husband alone has no such interest in an estate by the entirety as can be subjected to a mechanic's lien (Goldberg Plumbing Supply Co. v. Taylor, 209 Mo. App. 98, 237 S. W. 900; Hadley-Dean Glass Co. v. Schaefer (Mo. App.), 11 S. W. (2d) 61; H. B. McCray Lumber Co. v. Standard Construction Co., supra); nor will mere knowledge on the part of the wife that a building or other improvement is being erected on her real estate, and passive acquiescence therein on her part, be sufficient in and of it-

self to show that the husband acted as her agent in making the contract, so as to bind her personally, or warrant the charging of a lien against her property for the cost of materials entering into the construction of the building or improvement. [Berkshire v. Holcker, 202 Mo. App. 433, 216 S. W. 556; Halliwell Cement Co. v. Elser, 156 Mo. App. 291, 137 S. W. 626; Marshall v. Hall (Mo. App.), 200 S. W. 770.]

In the matter of showing the agency of defendant Curt J. Lehmann for defendant Ida Lehmann, his wife, we think the conclusion is inescapable that plaintiff's proof wholly failed. We are not unaware of the rule announced in a line of cases, of which Boeckler Lumber Co. v. Wahlbrink, 191 Mo. App. 334, 177 S. W. 741, is typical, that the wife will be estopped from denying her husband's agency where her acquiescence in the making of the improvement is more than passive, as, for instance, where she herself actively deals with the contractor, or assists in raising funds for the completion of the work.

In this instance, however, no estoppel was pleaded, nor were there any facts in evidence upon which an estoppel could be built, since the record is a nullity insofar as showing that defendant Ida Lehmann either knew that the building was being erected, or that she even passively acquiesced therein. It is quite true that there was evidence that she had subsequently joined with her husband in the execution of a deed of trust upon the property, but to say that such fact standing alone would be sufficient to-show acquiescence on her part in the making of the improvement would require the drawing of a first inference that the funds were intended as, and were, a building loan; of a second inference upon the first that she knew that the funds were to be used as a building loan; and of a third inference upon the other two that she knew that such funds were to be used for the purposes set out in plaintiff's lien account. Not even the first inference would be a fair and legitimate one, since there was absolutely no attempt made to show the purpose for which the proceeds of the loan were used; and assuredly the remaining inferences could not be built upon the first. Consequently, there was no such evidence adduced as to entitle plaintiff to a lien against an estate by the entirety, in view of which the judgment awarding the lien was improper, and may not be allowed to stand.

A case should not be reversed without remanding, however, unless the appellate court is convinced that the evidence has been fully presented, and that the facts are such that a recovery cannot be had. [Finnegan v. Missouri Pacific R. Co., 244 Mo. 608, 149 S. W. 612; Hummel v. American Manufacturing Co. (Mo. App.), 279 S. W. 202; Thomas v. Wells (Mo. App.), 299 S. W. 72.]

In this particular instance we are inclined to the view that the case is one calling for the application of such wholesome rule, and that the ends of justice will be best served by a remanding of the cause, instead of by an outright reversal. The question presents itself, however, as to what the effect of our conclusion will be, that is, whether it is only the judgment for the lien which will be reversed, or whether the order shall also attach to the personal judgment against the original contractor, even though he has not appealed.

The authorities hold that, inasmuch as a judgment enforcing a mechanic's lien in favor of a subcontractor is merely incidental to a judgment in his favor against some one standing in a contractual relation with the owner of the property, and since the lien cannot exist or be enforced apart from such judgment, the appeal of the owner brings up the entire judgment for review, and a reversal vacates it as an entirety, so as to necessitate a retrial of the cause in both respects. [Carthage Marble & White Lime Co. v. Bauman, 55 Mo. App. 204; Bruce Lumber Co. v. Hoos, 67 Mo. App. 264; Clark Williams Realty Co. v. Briggs, 164 Mo. App. 104, 107, 148 S. W. 147; Christopher & Simpson Architectural Iron & Foundry Co. v. Kelly, 91 Mo. App. 93.]

It follows, therefore, that the judgment rendered by the circuit court must be reversed in its entirety, and the cause remanded. The commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed, and the cause remanded. *Becker* and *Nipper, JJ.,* concur; *Haid, P. J.,* not sitting.