ARTHUR WALKER, APPELLANT, v. M. J. ROSS, ADMINISTRATOR OF THE ESTATE OF W. A. ROSS, DECEASED, RESPONDENT.—90 S. W. (2d) 1057.

Kansas City Court of Appeals. February 17, 1936.

*Leo A. Spalding* and *Thomas C. Swanson* for appellant.

*Harris & Koontz* for respondent.

CAMPBELL, C.—Plaintiff's petition, filed September 1, 1934, alleged that he brought an action in the Circuit Court of Jackson County, Missouri, against W. A. Ross; that after said action had been commenced Ross died; that thereupon the cause was revived against the representative of said W. A. Ross and that thereafter the suit was dismissed "without any judgment of any nature;" that on April 26, 1930, he brought a suit against M. J. Ross, administrator of the

estate of W. A. Ross, deceased, upon the same cause of action upon which the first suit herein mentioned was brought; that said action was tried and thereafter appealed to this court and that this court held, on April 2, 1934, that the petition in said action did not state a cause of actfon. The petition further alleged facts sufficient to show that plaintiff sustained personal injuries caused by the negligence of an employee of the said W. A. Ross and that the facts stated in each of the foregoing petitions relating to negligence and injury were the same as the facts stated in the present petition. The record discloses that the parties to the action brought on April 26, 1930, were the same as the parties in the instant suit. The defendant in the case at bar filed motion for judgment on the pleadings upon the ground that the petition did not state facts sufficient to constitute a cause of action. The motion was sustained and judgment rendered thereon in favor of the defendant. The plaintiff has appealed.

The plaintiff argues that sections 874 and 3280, Revised Statutes 1929, must be read together and each given effect and that if effect is given to said sections the present action can be maintained. Section 3280, supra, provides that a cause of action upon which suit has been brought for personal injuries shall not abate by reasons of the death of the alleged wrongdoer. Under the provisions of this section the action first herein mentioned did not abate by reasons of the death of W. A. Ross. When the death of Ross was suggested the court had power to make an order continuing the action against the representative of the decedent, section 891, Revised Statutes 1929. And if the representative of the decedent was not made a party to the action "on or before the third term" thereafter it was the duty of the court to dismiss the suit, section 896, Revised Statutes 1929. Thus, it is plain that the cause of action upon which suit had been brought did not abate by reason of the death of W. A. Ross and that plaintiff had a right to have that action continued against the representative of the decedent upon complying with the provisions of section 891, supra. The action was revived as provided in the statute and then dismissed. Manifestly, any action thereafter brought upon the facts pleaded in the suit which was dismissed was a new suit and not the continuation of the original action. The action brought on April 26, 1930, was a new action (71 S. W. (2d) 124) and for that reason could not be maintained. Section 874, supra, provides that if a plaintiff in an action timely brought is overtaken by any of the misfortunes specified in the section he may at any time within one year thereafter commence a new suit upon the same cause of action. That statute relates to the commencement of a new suit and does not authorize a suit on a cause of action which abates on the death of a defendant, unless continued as provided in said section 891. The present suit cannot be maintained for the reason that it is a new suit and not a continuation of

the action commenced in the lifetime of W. A. Ross revived after his death and thereafter dismissed. The dismissal terminated the pleaded cause of action and such cause of action could not thereafter (in a new suit) be maintained against the estate of W. A. Ross, deceased.

It appears in the suit brought on April 26, 1930, the plaintiff obtained a judgment which was reviewed in this court on writ of error (71 S. W. (2d) 124), and that the judgment so obtained by plaintiff was reversed and the cause was not remanded. In that case counsel for plaintiff (defendant in error) asserted that an action had been brought prior to the death of W. A. Ross; ''that it was revived after death; dismissed without prejudice and this action commenced.'' Concerning the assertion this court said:

''Moreover, even if we could accept the mere assertion of counsel for defendant in error, unsupported by any record, that there was a 'timely action' filed, yet it appears from such assertion that it was dismissed and this action brought. So that the petition we have before us is exactly what it purports to be, namely, the original petition herein, and that there has been no action 'continuously pending' for a time before the death of said alleged tort-feasor until the judgment herein, to-wit, February 11, 1932, as seems to be required in the Barth case, supra, 142 Mo. l. c. 548.''

The rule is well established that when a judgment in favor of a plaintiff is reversed by an appellate court the cause will be remanded unless the court is convinced that the plaintiff cannot recover upon any theory. [Hummel v. American Mfg. Co., 270 S. W. 202; Clark v. St. Louis S. F. Ry. Co., 4 S. W. (2d) 843; R. D. Kurtz, Inc., v. Field, 14 S. W. (2d) 9; Lappin v. St. Louis Nat'l League Baseball Club, 33 S. W. (2d) 1025.] When this court reversed the judgment (71 S. W. (2d) 124) without remanding the cause it in effect held that plaintiff could not recover upon any theory. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. *Shain, P. J.,* and *Bland, J.,* concur.